THE MAYOR AND COMMON COUNCIL OF THE BOROUGH OF
RUTHERFORD

*v.*

MARTHA B. ALYEA, executrix, et al.

1. Where a court of equity has jurisdiction of a bill for account against the principal on a bond, or his representatives, the sureties on the bond can properly be made parties for the purpose of the accounting, but no decree for payment can be made against them. *Dorsheimer* v. *Rorback, 8 C. E. Gr. 46; United Security &c. Co.* v. *Vandegrift, 6 Dick. Ch. Rep. 400,* followed.

2. The sureties on several bonds cannot be joined in a single bill, nor can a bill be sustained on demurrer against the sureties on any one bond, unless there is a statement in the bill that the default of the principal occurred during the time covered by such bond.

3. Where a bill is filed against an executrix and the alleged fraudulent grantee of decedent's lands, and the allegations of the bill, admitted by the demurrer, show complainant to be a creditor of decedent, it is not necessary that the bill allege the presentation of the claim to the executrix and the admission of the claim by the executrix. *Merchants' and Miners' Transportation Co.* v. *Borland, 31 Atl. Rep. 272,* followed.

On bill and demurrer.

*Mr. Anderson Price,* for the complainant.

*Mr. Addison Ely,* for the demurrants Martha B. Alyea et al.

*Mr. Charles H. Voorhis,* for the demurrants Charles Planer et al.

EMERY, V. C.

The bill in this case is filed by the borough of Rutherford against Martha B. Alyea, the executrix of Thomas W. Alyea, a deceased collector of the borough, and who is also his sole devisee, for an account of the amount due from the deceased collector, and to have certain lands owned by the collector at the time of his death, and devised to his executrix, sold for the payment

of the amount found due. The lands were conveyed after testa-
tor's death, by the executrix and devisee, to her husband, Garra-
brant R. Alyea, through the medium of one Frank Koch. These
conveyances are alleged to be fraudulent and void, and the bill
prays that they may be set aside, and makes the husband and
Koch defendants for this purpose. There are also added as de-
fendants all of the sureties on the six several bonds executed
annually by the deceased collector—the defendants Ross and
Slingerland being sureties on one bond, that of 1888; the de-
fendant James D. Brinkerhoff being surety on the bonds of 1888
and 1889; the defendant Planer on five bonds from 1889 to
1893 inclusive; and the defendant Haywood on four bonds
from 1890 to 1893 inclusive. The five sureties, together with
Koch, one of the alleged fraudulent grantees, have filed a joint
demurrer, specifying in substance as the grounds thereof, that
the complainant has a remedy at law, and that it has no lien,
legal or equitable, upon the lands, but no objection is made on
the ground of multifariousness. Martha B. Alyea, who was
made defendant personally as well as devisee and executrix, and
Garrabrant R. Alyea, have also filed a joint demurrer upon the
same grounds.

The right to make a surety upon an administrator's bond party
to an equitable proceeding, involving an account against the prin-
cipal or his estate, was declared by Chancellor Zabriskie, in *Dor-
sheimer* v. *Rorback, 8 C. E. Gr. 46 (1872)*, upon the ground
that the surety would be bound by the decree as to the amount
due on the bond, and therefore had a right to defend, but, as he
further declared, no decree for payment could be made against
the surety in the suit. The general demurrer filed by the sureties
in that case was therefore overruled (at *p. 48*). An appeal was
taken by the complainant from the refusal of the chancellor
to make a decree against the surety for payment of the amount
for which the administrators were held liable. See *10 C. E. Gr.
516, 519 (Errors and Appeals, 1874)*. The decree of the chan-
cellor was affirmed upon this point, and no intimation was given
in the opinion of Chief-Justice Beasley on the appeal that the
decision of the chancellor upon the demurrer was not well founded.

As to the question of relief against the sureties, he agrees with the chancellor as to the case in hand, and also questions the right of a court of equity to give a remedy against the sureties upon general grounds of objection to the equitable jurisdiction. · See *opinion, p. 520.* But the decisions both in chancery and on appeal have been treated as authority for the rule that a person interested in the result of an accounting, as surety or otherwise, is a proper party for the purpose of being present at the accounting. *United Security &c. Co.* v. *Vandegrift's Administrator, 6 Dick. Ch. Rep. 400 ( Vice-Chancellor Van Fleet, 1893).*

These authorities settle the general rule adversely to the contention of the demurrants on this point. The rights of action against the sureties on the several bonds are, however, separate claims, which cannot be joined in a single suit, nor can the sureties on the different bonds properly be made parties to the same bill for the purpose of the account. Such joinder of valid claims against the separate sureties would render the bill so . clearly multifarious that the court would, of its own motion, I think, raise the objection and dismiss the bill. But to make a bill multifarious, the allegations must be sufficient to make each of the several claims a valid, equitable claim. *Varick* v. *Smith, 5 Paige 137, 160.*

In the present case, in order to make a case against the sureties on any bond, it was necessary to state in the bill that the default of the collector occurred during the period covered by the particular bond. There is no such statement in this bill, as to any set of sureties, and therefore no equitable case is stated against the sureties on any one of the bonds, and as to all of the sureties, the demurrer must be sustained.

As to the other defendants, the executrix and devisee and her alleged fraudulent grantees, including Koch, the bill against them is well founded, provided the complainant, as a creditor of the deceased collector, has a lien upon the lands of which he died seized for the payment of the debt, and is thus enabled to come into a court of equity to attack the validity of the conveyance. *Haston* v. *Castner, 4 Stew. Eq. 697 (Errors and Appeals, 1879),* settles this right in favor of a creditor, whose claim has

Borough of Rutherford v. Alyea.

been presented under oath to the administrator, and is admitted by him, but the contention is, that, inasmuch as the bill fails to show that the claim has been presented or is allowed, the lien which is the foundation of the bill has not attached.

This point, however, has been decided adversely to this contention by Vice-Chancellor Pitney, in a case decided since the argument of this case, and where the same question was also raised on demurrer. *Merchants' and Miners' Transportation Co.* v. *Borland et al.* (*March, 1895*), *31 Atl. Rep. 272.* The vice-chancellor holds that an allegation of presentation of the claim to the administrator is not necessary in order to establish the right to relief, where the allegations of the bill, admitted on demurrer, show the complainant to be a creditor.

The bill in this case alleges (paragraph 8) that at the time of his death the collector was in default $8,290.15, and (paragraph 10) that a payment of $5,000 was made on account of this deficiency after the collector's death, leaving an apparent deficiency of $3,290.15. The demurrer admits these allegations which are, I think, sufficient to establish the complainant's *status* as creditor; and, if it be a creditor, the lien on decedent's land is expressly given by statute. *Rev. pp. 766, 970; Haston* v. *Castner, supra.*

The demurrers of these defendants should therefore be overruled. It is proper to add that in cases where creditors seek to follow decedent's real estate under the statute, the bill, as stated in *Haston* v. *Castner, 4 Stew. Eq. 697*, should be filed on behalf of complainant and all other creditors similarly situated. No objection was made to the form of the bill on that account, and it may be amended in this respect, as any decree on it should be made for the common benefit of the creditors entitled to the same. As to the sureties, the demurrers are sustained, with costs, and as to the other defendants, overruled, with costs.