G. W. KING, W. O. HOBBS AND SWAN & HOLTSINGER COMPANY, A CORPORATION, *Appellants.* v. T. W. RAMSEY *Appellee.*

Opinion Filed November 4, 1913.

Rehearing Denied November 24, 1913.

1. Where the statute provides that a materialman's "lien shall exist from the time of the service of the notice *for the amount unpaid on the contract*," such lien may extend to the amount unpaid on the contract when it is completed by the contractor's sureties, whether it was at the time of the notice actually due and payable or not.

2. The statute authorizes a personal decree in favor of material-

men against the owners of land on which the material was used in a building, but does not authorize a personal decree for the value of the material against the sureties on the contractor's bond.

Appealed from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Decree affirmed in part;

Decree reversed in part.

*J. W. Frazier, Jas. F. Glen* and *Wall* & *McKay,* for Appellant;

*C. W. Stevens,* for Appellee.

WHITFIELD, J.— The Swan & Holtsinger Co., one of the owners of the land, entered into a contract with J. M. Knight for the construction of a building on a designated lot. King and Hobbs became the sureties on the contractor's bond. T. W. Ramsey furnished materials which Knight put into the building, and did not pay for. The contractor, Knight, did not finish the building, and nearly one thousand dollars of the contract price had not been paid. Knight was adjudged bankrupt. The building was completed by the sureties on the contractor's bond at a cost exceeding one thousand dollars. Ramsey served notice of lien for $277.19 when more than that amount of the contract price had not been paid. The lot was sold to E. D. Garcia who it is alleged had notice of the lien. Decrees *pro confesso* were entered against O'Donohue, one of the owners, and Garcia, the purchaser, and they do not appeal. The Swan & Holtsinger Co., and King and Hobbs defended against Ramsey's bill to enforce his lien for materials fur-

nished to the contractor and put in the building. The court decreed a lien on the lot for the value of the materials, and also entered a personal decree therefor against G. W. King and W. O. Hobbs and the Swan & Holtsinger Co., all of whom appeal.

It is contended that under the statute a material-man cannot have a lien except to the extent that there is money *actually due* the contractor at the time the material man serves his notice of lien, or to the extent that money therefor becomes *actually due to the contractor.* The language of the statute is that "a lien shall exist from the time of the service of the notice *for the amount unpaid on the contract."* Under this statute the lien extended to the amount unpaid on the contract completed by the contractor's sureties whether it was then actually due and payable, or afterwards actually became due and payable to the contractor or his sureties. The notice served was a sufficient compliance with the statute to authorize a lien upon the lot.

As King and Hobbs, the sureties on the contractor's bond, were not the owners of the lot, a personal decree against them is not authorized by the statute, and the decree as to them is reversed. In other respects the decree is affirmed at the cost of the appellant corporation.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.