FIRST NATIONAL BANK OF ST. AUGUSTINE, et al., Appellants, v. SETH PERKINS, et al., Appellees.

Opinion Filed March 15, 1921.

1. A contract for street improvement provides "that fifteen per cent of the entire contract price shall be retained and held by the city * for a period of thirty days after the completion of said grading, paving and curbing of said * Avenue, and that said per cent. of said contract shall be held and retained by the said city * for the purpose of having a sufficient sum of money to make any alterations or repairs and to do any work the contractors may neglect, fail or refuse to do," and also "that before the last payment is made to the contractors, that said contractors shall produce to the city good and sufficient proof that all bills for labor and material furnished or performed, in reference to said

street, by other persons to the contractors, have been fully paid. It is the intention herein that the contractors shall show that they have paid for all work and material before they receive their last payment for work and material under this contract." *Held*, that such provisions are not so definite as to clearly evince an intention upon the part of the contracting parties to create a trust fund for the benefit of unpaid creditors of the contractors who might have supplied labor and material to them in prosecuting the work under the contract. Whitfield, J., dissenting.

2. In order that a promise made by one person to another for the benefit of a third 'person shall constitute the first the debtor of the third and entitle the third person to sue the first on such promise, it must appear that there was a clear intent upon the part of both the first and the second that the first person shall become such debtor. The mere fact that the third might be benefited is not sufficient.

3. The purpose of the statutory provision that "any civil action at law may be maintained in the name of the real party in interest" is to relax the strict rules of the common law so as to enable those directly interested in, but not parties to, a contract, to maintain an action for its breach; and the statute should be so applied as to accomplish its salutary purpose.

4. Where the clear intent and purpose of a contract is a direct and substantial benefit to third parties severally, and such parties are the real parties in interest, they may severally maintain actions for breaches of the contract that specially injure them. A party who is injured is the real party in interest in an action to recover damages for the injury.

5. The liabilities of sureties on a surety bond cannot be enforced in equity in the absence of equitable considerations.

6. A decree *pro confesso* does not bind a defendant as to matters not properly adjudicated in the suit.

An Appeal from the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Decree reversed.

*C. M. Cooper, Chas. P. & J. J. G. Cooper, W. A. Mac-Williams, George W. Bassett, Jr.,* and *Cooper, Cooper & Osborne,* for Appellants;

*Axtell & Rhinehart,* for Appellees.

WHITFIELD, J.—On May 6, 1916, a bill of complaint was filed by Marshall & Spencer Company, a corporation, the Dixie Portland Cement Company, a corporation and John Baker, Jr., against Seth Perkins, Seth Perkins, Jr., and A. H. Perkins, partners as Seth Perkins & Sons, the City of St. Augustine, the First National Bank of St. Augustine and the National Surety Company, a corporation.

It is in substance alleged that about March 31, 1915, Seth Perkins & Sons contracted with the City of St. Augustine for the grading, paving and curbing of Cincinnati Avenue, a public street of said city; that the work has been completed by the contractors and accepted by the city; that on April 6, 1915, Seth Perkins & Sons as principals executed to the city a bond for $1,500.00 with the National Surety Company as surety "conditioned that if the said Seth Perkins & Sons shall in all things stand to and abide by and well and truly keep and perform all the agreements, terms and conditions of said contract between them and the said City of St. Augustine, and shall also pay for all labor performed or furnished, and for all materials used in carrying out said contract, then the said obligation shall be void; otherwise remain in full force

and virtue;" that on or about May 6, 1915, "the said Seth
Perkins & Sons assigned to the First National Bank of
St. Augustine, to secure the said bank for advances al-
ready made and for further advances to be made to the
said Seth Perkins & Sons, all and every payment which
may be made under the said contract between the said
Seth Perkins & Sons and the City of St. Augustine for
paving Cincinnati Avenue in said City, and did authorize
and direct the said City of St. Augustine to make any pay-
ment on the above contract, to the First National Bank
of St. Augustine, and did authorize said bank to receipt
for the same;" that between June 1, 1915, and August
10, 1915, the Marshall Spencer Company, "furnished cer-
tain materials to the said Seth Perkins & Sons for use in
the prosecution of the work of paving said street, and
which said material was so used by the said Seth Perkins
& Sons," for which there is due $575.28; that an action
at law has been granted thereon; that the Dixie Port-
land Cement Company between May 27, 1915, and July
2, 1915, furnished to Seth Perkins & Sons material for
use in paving said street, on which is due $676.30; that
an action at law has been brought thereon; that John
Baker, Jr., on or about May 20, 1915, furnished "the said
Seth Perkins & Sons certain material for use by the said
Seth Perkins & Sons in paving said street," for which
there is now due $873.60, for which an action at law has
been instituted; that "it was provided in and by said
contract between the said Seth Perkins & Sons and the
City of St. Augustine, that fifteen per cent. (15%) of the
entire contract price should be retained and held by said
city for a period of thirty (30) days after the completion
of the work of paving the said Cincinnati Avenue, and it
was further provided in and by said contract that the
last payment to be made to the said Seth Perkins & Sons

under said contract should not be made until the said
Seth Perkins & Sons should produce good and sufficient
proof that all bills for labor and material furnished or
performed with reference to said street, by other persons
than the contractors, had been fully made; that the said
City of St. Augustine now has and holds the sum of Six-
teen Hundred Dollars ($1,600.00) which has been retained
by the City of St. Augustine under the terms of said con-
tract, because of the failure of the said Seth Perkins &
Sons to furnish proof of the payment of all bills for labor
and material aforesaid;" that the assignment "made as
aforesaid by Seth Perkins & Sons to the said First National
Bank of St. Augustine is subordinate to the rights of your
orators in and to the money due from the said City of St.
Augustine to the said Seth Perkins & Sons, and that the
said Bank is not entitled to have or receive any money by
reason of said assignment until the amounts due to your
orators for materials furnished to the said Seth Perkins
and used by them in the paving of said street have been
fully paid. That your orators have no knowledge or
notice of said assignment until after they had furnished
the materials to the said Seth Perkins & Sons as afore-
said;" that "the said Seth Perkins & Sons have no prop-
erty other than the amount due them from the said City
of St. Augustine as aforesaid, out of which the judgments
which your orators expect to obtain against the said Seth
Perkins & Sons can be satisfied.

The prayer is that an account be taken of the amounts
due complainants and that "a decree may be made direct-
ing the defendant the City of St. Augustine to pay the
amount held by the said City due to the said Seth Perkins
& Sons on account of the said contract to your orators,
and in the event that the said amount is insufficient to

pay the same in full, then the said defendant the National Surety Company, shall be decreed to pay the balance which may be decreed to be due to your orators as aforesaid."

The portions of the contract that are material here are:

"IT IS DISTINCTLY UNDERSTOOD, COVENANT-ED AND AGREED by and between the parties hereto that the work of grading, paving and curbing of the entire distance of Cincinnati Avenue, a public street of the City of St. Augustine, Florida, from the West side of San Marco Avenue to the East side of Ribera street, as is set forth and described, both as to work and area of paving, curbing and grading, under and by virtue of Ordinance No. 104 of the City of St. Augustine, Florida, shall be done in the best workmanlike manner and as is described by said Ordinance No. 104 of the City of St. Augustine, Florida, and that all said work shall not only be done according to the specifications above mentioned and in conformity with Ordinance No. 104, above mentioned, but also according to the plans on file in the office of the City Clerk, which said plans are hereby made a part of this contract.

"IT IS A FURTHER CONDITION OF THIS CON-TRACT that within ten (10) days of the signing of these presents the parties of the Second Part, to-wit, Seth Perkins, Sr., Seth Perkins, Jr., and A. H. Perkins, part-ners, comprising the co-partnership of Seth Perkins & Sons, shall enter into a bond to and with the City of St. Augustine, Florida, in the sum of Fifteen Hundred Dol-lars, which said bond is to be a good and sufficient surety bond payable to the City of St. Augustine, Florida, con-ditioned on the carrying out of the work in pursuance of and under the plans and specifications and ordinance above referred to.

"IT IS FURTHER AGREED that all of the paving, curbing, and grading of said Cincinnati Avenue shall be done and performed by the contractors, who shall furnish all of the materials, tools, labor, machinery and appliances which may be necessary to the carrying out of the terms of this contract.

"IT IS FURTHER AGREED that fifteen per cent. of the entire contract price shall be retained and held by the City of St. Augustine for a period of thirty days after the completion of said grading, paving and curbing of said Cincinnati Avenue, and that said per cent. of said contract shall be held and retained by the said City of St. Augustine, Florida, for the purpose of having a sufficient sum of money to make any alterations or repairs and to do any work which the contractors may neglect, fail or refuse to do.

"IT IS FURTHER AGREED that before the last payment is made to the contractors, that said contractors shall produce to the Street and Lane Committee of the City Council of St. Augustine, Florida, good and sufficient proof that all bills for labor and material furnished or performed, in reference to said street, by other persons to the contractors, have been fully paid. It is the intention herein that the contractors shall show that they have paid for all work and material before they receive their last payment for work and material under this contract."

The bond executed by the contractors and the surety company to the city contains the following:

"The condition of this obligation is such that if the said principals shall in all things stand to and abide by and well and truly keep and perform all the agreements, terms and conditions of said contract on their part to be

kept and performed, and shall also pay for all labor performed or furnished, and for all materials used in carrying out of said contract, then this obligation shall be void; otherwise it shall remain in full force and virtue."

By answer incorporating a demurrer the defendant bank took issue on the facts and conclusions alleged in the bill of complaint.

The answer of Seth Perkins & Sons in effect supports the claim of the bank. In the answer of the defendant city, it is averred: "That a judgment has been recovered against the City of St. Augustine, as garnishee, in a common law suit wherein the First National Bank of St. Augustine as plaintiff and Seth Perkins & Sons are defendants, and this defendant says that said judgment is void and that the execution issued upon said judgment against this defendant is also void, that the City of St. Augustine still retains in its hands about the sum of Sixteen Hundred ($1,600.00) Dollars; that the City of St. Augustine, Florida, desires and wishes to pay this money to whomever this court shall properly decide is entitled to same; that it will not pay to anyone the said sum of Sixteen Hundred ($1,600.00) Dollars, or any part thereof, either upon the assignment of the contract, as claimed by the First National Bank of St. Augustine, or to the lien creditors claiming liens, or to the complainant herein, unless ordered so to do by this court."

A cross bill filed by the bank was dismissed on demurrer. A decree *pro confesso* was entered against the National Surety Company.

By stipulation the cause was heard and determined on the pleadings and the following agreed statement of facts:

"1. That on or about the 1st day of March, 1915, Seth Perkins, Senior, Seth Perkins, Junior, and A. H. Perkins, doing business as Seth Perkins & Sons, entered into a contract with the City of St. Augustine for grading, paving and curbing Cincinnati Avenue, a certified copy of which contract is attached to the bill of complaint as Exhibit A.

"2. That the said Seth Perkins & Sons completed and finished the grading, paving and curbing of said Cincinnati Avenue and that the said work and said street were accepted by the City of St. Augustine, prior to the bringing of this suit.

"3. That the complainant, Marshall & Spencer Company, furnished materials for the said Seth Perkins & Sons between the 1st day of June, 1915, and the 10th day of August, 1915, to the amount of Six Hundred and Thirty-one and 34/100 Dollars ($631.34) ; that said materials were used by the said Seth Perkins & Sons in and upon said street, under the terms of the said contract; that on the 1st day of September, 1915, there was due the said Marshall & Spencer Company Five Hundred and Seventy-five and 28/100 Dollars ($575.28) ; that on the 6th day of May, 1916, the said Marshall & Spencer Company brought suit on the law side of this court against the said Seth Perkins & Sons, for the aforesaid amount, and that judgment was entered therein against the said Seth Perkins & Sons, on the 13th day of September, 1916, for Six Hundred and Twenty-five Dollars ($625.00) and Six and 09/100 (6.09) ; that execution has been issued upon said judgment and returned by the Sheriff of St. Johns County, *nulla bona;* that on or about the 1st day of March, 1916, prior to the time that the said City of St. Augustine accepted the said work, the said

Marshall & Spencer Company notified the said City of St. Augustine that there was due to the said company, for materials furnished to the said Seth Perkins & Sons and used in and upon said street, the sum of Five Hundred and Seventy-five and 28/100 Dollars ($575.28), with interest from the 1st day of September, 1915.

"4.   That the complainant, the Dixie Portland Cement Company, furnished to the said Seth Perkins & Sons, between the 27th day of May and the 2nd day of June, 1915, material which was used in and upon said street to the amount of Eight Hundred and Twenty-nine and 17/100 Dollars ($829.17) ; that on the 1st day of September, 1915, there was due said Company, on account of said material so furnished and used by the said Seth Perkins & Sons in and upon said street, the sum of Six Hundred and Seventy-six and 30/100 Dollars ($676.30) ; that on the 6th day of May, 1916, the said Dixie Portland Cement Company brought suit against the said Seth Perkins & Sons on the law side of this court, to recover the said amount, and on the 13th day of September, 1916, judgment was entered against the said Seth Perkins & Sons for Seven Hundred and Thirty-two and 70/100 Dollars ($732.70) and Six and 09/100 Dollars ($6.09) costs; that execution was issued upon said judgment and returned by the Sheriff of St. Johns County, *nulla bona;* that on or about the 1st day of March, 1916, before the said work had been accepted by the City of St. Augustine, the said Dixie Portland Cement Company notified the said City of St. Augustine that the said Company had furnished the said materials as aforesaid, which had been used in and upon said street and that there was due from the said Seth Perkins & Sons, for said material, the sum of Six Hundred and Seventy-six and 30/100 Dollars

($676.30), with interest from the 1st day of September, 1915.

"5. That the complainant John Baker, Jr., on the 20th day of May, 1915, furnished the said Seth Perkins & Sons certain material for use in and upon said street and which was used in and upon said street by the said Seth Perkins & Sons, to the amount of Eight Hundred and Seventy-three and 60/100 Dollars ($873.60), which amount, with interest from the 1st day of June, 1915, has not been paid by the said Seth Perkins & Sons; that on the 6th day of May, 1916, the said John Baker, Jr., instituted a suit on the law side of this court against the said Seth Perkins & Sons, to recover the said amount, with interest, and that a judgment was entered therein on the 23rd day of September, 1916, for One Thousand and Twenty 81/100 Dollars ($1,020.81) and Five 44/100 Dollars costs; that execution has been issued upon said judgment and returned by the Sheriff *nulla bona;* that the said John Baker, Jr., before the said work was accepted by the City of St. Augustine, notified the said City that he had furnished materials as aforesaid, which had been used in and upon said street, and that there was due him the sum of Eight Hundred and Seventy-three and 60/100 Dollars ($873.60) with interest from the 1st day of June, 1915.

"6. That on or about the 6th day of May, 1915, the said Seth Perkins & Sons executed and delivered to the First National Bank of St. Augustine the assignment, a copy of which is attached to the bill of complaint as Exhibit C.

"7. That the First National Bank of St. Augustine advanced to the said Seth Perkins & Sons the following amounts: On June 5, 1915, One Thousand Dollars ($1,000.00); June 17, 1915, One Thousand Dollars ($1,000.00); June 29, 1915, One Thousand Dollars

($1,000.00); July 8, 1915, One Thousand Dollars ($1,000.00); July 15, 1915, Five Hundred and Fifty Dollars ($550.00); July 16, 1915, Seven Hundred and Fifty Dollars ($750.00); August 7, 1915, One Hundred Dollars ($100.00); August 14, 1915, One Hundred and Fifty Dollars ($150.00); December 23, 1915, One Hundred and Eighty-eight and 85/100 Dollars ($188.85); that prior to said assignment the First National Bank of St. Augustine advanced to Seth Perkins & Sons, One Thousand Dollars ($1,000.00) on April 30, 1915, and on May 10, 1915, One Thousand Dollars ($1,000.00); that on April 1, 1916, there was due from said Seth Perkins & Sons to the said First National Bank of St. Augustine on account of said advances, Two Thousand and Eighty and 35/100 Dollars ($2,080.35).

"8. That on April 1, 1916, the said Seth Perkins & Sons made and delivered to the said First National Bank their promissory note for the sum of Twenty Hundred and Eighty and 35/100 Dollars ($2,080.35); that on the 15th day of April, 1916, the said First National Bank of St. Augustine instituted suit upon the law side of this court to recover judgment upon the said promissory note; that on the 1st day of May, 1916, final judgment was entered in said cause against the said Seth Perkins & Sons in favor of the First National Bank of St. Augustine, for the amount then due upon said note, to-wit: Twenty-one Hundred and Thirty-seven and 56/100 Dollars ($2,137.56).

"9. That on the 5th day of May, 1916, the said Bank caused a writ of garnishment to be issued upon said judgment in said court, against the City of St. Augustine, which writ of garnishment was duly served, on the 5th day of May, 1916, upon said City, and the said City filed its answer to said garnishment, on the 5th day of June,

1916, a true copy of which answer is hereto attached and made a part hereof. That on the 5th day of June, 1916, judgment was entered in said garnishment proceedings, against the said City of St. Augustine, in favor of the said First National Bank of St. Augustine, for the sum of Sixteen Hundred and Twenty-four and 09/100 Dollars ($1,624.09) ; that the said City paid the amount of said judgment to the said Bank on the 11th day of August, 1916.

"10. That at the date when the complainants in this cause notified the said City of St. Augustine of the amount due them from the said Seth Perkins & Sons for materials furnished by them and used in and on said street, there was unpaid upon the contract between the said City of St. Augustine and the said Seth Perkins & Sons the said sum of Sixteen Hundred and Seventy-four and 09/100 Dollars ($1,674.09), and that said amount was unpaid by the said City at the time this suit was brought.

"11. That the bond attached to the bill of complaint in this cause as 'Exhibit B' is a true copy of the bond executed by the said Seth Perkins & Sons as principal and the National Surety Company as surety.

"12. That Marshall & Spencer Company, Dixie Portland Cement Company and John Baker, Jr., nor any of them, had any knowledge or notice of the assignment made by Seth Perkins & Sons to the First National Bank of St. Augustine, before or at the time the materials were furnished by them and each of them to the said Seth Perkins & Sons, which materials were used in and upon said street."

The final decree finds the amounts due the complainants and decrees:

12—Vol. 81

"5. That after the completion and full execution of the said contract and at the institution of this suit, the defendant, the City of St. Augustine, had and held, under the provisions of said contract, the sum of sixteen hundred and seventy-four and 09/100 Dollars, which was to be held by the said city until the said Seth Perkins & Sons established that all bills for labor performed and material furnished for, and in the execution of, the said contract had been fully paid.

"6. That the provision in said contract that the said Seth Perkins & Sons should produce good and sufficient proof that all bills for labor and materials furnished or performed in the execution of said contract had been fully paid before the said Seth Perkins & Sons should received their last payment on the last contract, was for the benefit and protection of all parties performing labor and furnishing material and that the complainants are entitled to the benefit and protection of said provision of said contract.

"7. That the rights of the complainants in and to the said sum of sixteen hundred and seventy-four and 09/100 dollars held by the said city as aforesaid, were and are superior to the rights of the defendants or any of them, in and to said money and that the payment of said money by the said city to the defendant, First National Bank of St. Augustine did not effect the rights of the complainants in or to said money.

"8. That the condition of the bond executed by the said Seth Perkins & Sons as principal and National Surety Company, as surety, described in the bill of complaint, that the said Seth Perkins & Sons should pay for all material used in carrying out of said contract, was for the benefit and protection of all parties furnishing

material, and that complainants are entitled to the benefit and protection of said bond.

"It is therefore, ordered, adjudged and decreed:

"1.   That the defendant, First National Bank of St. Augustine, do forthwith pay into the registry of this court, for the use and benefit of the complainants, the said sum of sixteen hundred and seventy-four and 09/100 dollars ($1,674.09), together with interest from this date.

"2.   That the defendant, the National Surety Company, do forthwith pay into the registry of this court, for the use and benefit of the complainants, the sum of ten hundred and ninety-four and 51/100 dollars, the same being the total amount due the complainants, less the amount to be paid by the First National Bank of St. Augustine, as aforesaid, with interest from date, together with costs herein taxed at $15.96 dollars."

Appeals were taken by the several defendants.

In this case a majority of the court are of the opinion that the provisions of the contract between the city and the contractors, relating to the retention of "15% of the entire contract price," taken with the other provisions of the contract, are not so definite as to clearly evince an intention upon the part of the contracting parties to create a trust fund for the benefit of unpaid creditors of the contractors who might have supplied labor and material to him in prosecuting the work under the contract. The other members of the court are of opinion that the language and purpose of the contract show an intent to create a trust fund in the expressly reserved payments, but that the decree against the bank is unauthorized on other grounds. The decree against the bank is erroneous.

In order that a promise made by one person to another for the benefit of a third person shall constitute the first the debtor of the third and entitle the third person to sue the first on such promise, it must appear that there was a clear intent upon the part of both the first and the second that the first person shall become such debtor. The mere fact that the third might be benefited is not sufficient. Wright v. Terry, 23 Fla. 160, 2 South. Rep. 6; Punta Gorda Bank v. State Bank of Ft. Meade, 52 Fla. 399, 42 South. Rep. 846.

The purpose of the statutory provision that "any civil action at law may be maintained in the name of the real party in interest," is to relax the strict rules of the common law so as to enable those directly interested in, but not parties to a contract, to maintain an action for its breach; and the statute should be so applied as to accomplish its salutary purpose.

Where the clear intent and purpose of a contract is a direct and substantial benefit to third parties severally, and such parties are the real parties in interest, they may severally maintain actions for breaches of the contract that specially injures them. A party who is injured is the real party in interest in an action to recover damages for the injury. Woodbury v. Tampa Water Works Co., 57 Fla. 249, 49 South. Rep. 556; Sec. 1365 Gen. Stats. 1906; 20 R. C. L. p. 665.

In Wright v. Terry, *supra,* there was no provision in the contract showing an intent to stipulate for the benefit of third parties so that they could maintain an action thereon. See also Lara, Ross & Co. v. Greeley, 20 Fla. 926.

If there is liability of the surety company to the complainants on the bond given to the city, the remedy at

law is adequate, and the bill of complainant does not show an equity to proceed against the bond in this suit. The decree *pro confesso* does not bind the surety company as to matters not properly adjudicated in the suit. See Freeman v. Timanus, 12 Fla. 393; Trustees Internal Improvement Fund v. Jacksonville, Pensacola & Mobile F. R. Co., 16 Fla. 708; Trustees I. I. F. of Florida v. Gleason, 39 Fla. 771, 23 South. Rep. 539; Garvin v. Watkins, 29 Fla. 151, 10 South. Rep. 818. The decree against the surety company is erroneous.

The decree is reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.