ROYAL INDEMNITY COMPANY, a corporation, *Appellant,* vs. W. V. KNOTT, as Treasurer of the State of Florida, et al, *Appellees.*

Opinion filed March 10, 1931.

Rehearing.

Opinion filed July 23, 1931.

Knight, Adair, Cooper & Osborne, for Appellant:

Whitaker, Himes & Whitaker, for Appellees.

Fred H. Davis, Attorney General, for Appellee, W. V. Knott, as State Treasurer.

1498

1500

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and decreed by the Court that the order of the court below should be, and the same is hereby, affirmed and this cause is remanded for further proceeding not inconsistent with the opinion.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

## ON REHEARING.

1. Where a bill of complaint seeks an accounting and discovery against trustees and their surety, and sets forth the complicated character of the accounts, the need of discovery and the existence of a fiduciary or trust relationship, such bill contains grounds upon which equitable jurisdiction may rest.

2. Whenever there is a fiduciary relation such as that of trustee,

agent, executor, etc., the right to an accounting in equity is undoubted. The right in such cases is based upon the substantive equity of trusts which jurisdiction equity always had.

3. Where a court of equity has jurisdiction to compel an accounting from a fiduciary, the sureties on the fiduciary's bond may not only be made parties defendant to such suit, but their liability upon such bond may be enforced in the same suit.

4. Where there are executions against principal and sureties, or an execution against a principal and surety or sureties, it is the duty of the sheriff or other officer to make the money out of the property of the principal unless he be insolvent, or has no 'property, in which case, the execution may proceed against the property of the surety.

5. A trustee's bond, by the terms of which the principal and surety jointly and severally obligate themselves among other things that the trustee will faithfully perform all and singular the duties incumbent upon him by reason of his election or appointment as such trustee and account for all moneys coming into his hands as such trustee according to law is not an indemnity bond according to the strict literal meaning of the term, as it is not given to protect the promissee against loss or damage arising through liability to a third person, but for loss occasioned by reason of the principal's failing to properly account or perform his duties.

6. The essential distinction between an indemnity contract and a contract of guaranty or suretyship is that the promissor in an indemnity contract undertakes to protect the promissee against loss or damage through a liability on the part of latter to a third person, while the undertaking of a guarantor or surety is to protect the promissee against loss or damage through the failure of a third person to carry out his obligation to the promissee.

Appeal from Circuit Court; Citrus County; Fred L. Stringer, Judge.

Cause again affirmed on rehearing, but former opinion modified.

*Knight, Adair, Cooper & Osborne,* for Appellant;

*Whitaker, Himes & Whitaker,* for Appellees.

*Fred H. Davis,* Attorney General, for Appellee, W. V. Knott, as State Treasurer.

MATHEWS, Commissioner:

This is a suit in equity for an accounting and for recovery against bond trustees and their sureties. The material allegations of the bill relating to the issuance and sale of Citrus County negotiable bonds, appointment and qualification of trustees, receipt of moneys by trustees and alleged misappropriation and mismanagement by trustees of trust funds which came into their hands are set forth in the original opinion filed herein, 136 So. 474.

The bill charged that a correct accounting and understanding of the transactions covering the handling of the trust funds by the trustees involves consideration of extensive mutual and complicated accounts and discovery of portions of lost or destroyed records and examination of private records of several banks; also that trustees have failed to account.

Appellant, the surety on the several bonds of defendant trustees, by demurrer in the court below contended it was not a proper party defendant to this suit and that the court was without jurisdiction to render a decree against it on the bonds. This demurrer was overruled and the surety appealed.

Upon the filing of the original opinion of the court, all parties to this appeal petitioned for a rehearing, which was granted and the case was then argued before this Court for the first time.

In the original opinion filed in this case, we held that where a court of equity has jurisdiction of a bill for an accounting against the principal on a bond, the sureties can properly be made parties for the purpose of the accounting so that the extent of their liability may be fixed; but that no decree for payment may be made against them, citing Rutherford v. Alyea, 53 N. J. Eq. 580, 32 Atl. 70, and Dorsheimer vs. Rorback, 23 N. J. Eq. 46.

It is urged by the appellees that the court below has jurisdiction to render a decree against the surety on the bonds; that the New Jersey decisions in denial of this right are not in accord with the early decisions of this Court, and that nothing was said in First National Bank v. Perkins, 81 Fla. 341, 87 So. 912, and Fidelity & Casualty Co. v. D. N. Morrison Construction Co., 99 Fla. 309, 126 So. 151, which conflicts with this view.

In First National Bank v. Perkins, supra, this Court held that a subcontractor cannot recover in equity against the surety upon a contractor's bond *in the absence of equitable considerations;* and in Fidelity & Casualty Co. v. D. N. Morrison Construction Co., supra, we held that a court of equity cannot acquire jurisdiction to enforce the penalty of a bond given pursuant to Section 5396 (3532) Compiled General Laws of Florida, 1927, *unless* the bond is accompanied by some *extraneous circumstance* which would *inject* into the matter a *ground of equitable cognizance, to which a recovery upon the bond would be incidental.*

The doctrine of the New Jersey Court announced in Dorsheimer v. Rorback, supra, and followed in Rutherford v. Alyea, supra, which denies the jurisdiction of equity to enforce liability of sureties on administration bonds in actions for accounting against the principal is in direct conflict with early decisions of this Court.

In Hendry v. Clardy, 8 Fla. 77 (1858) it was held by this Court that equity has jurisdiction of a proceeding against a guardian and the sureties on the guardian's bond, where it is alleged that the guardian had possessed himself of property for which an accounting was sought, and that the equity court might administer complete relief by the entry of a money decree against the guardian and his surety on the bond. The Court there pointed out that in

cases of this kind, the surety ought always to be made a party to the taking of the accounting, but that the execution should go out against him only in the event of the inability of the principal to pay and that if a final decree for the payment of money be made against the defendant surety, the decree should be so framed that it should be enforced against the sureties only on the event that the money could not be made out of the principal.

In Pfeiffer v. Knapp, 17 Fla. 144, (1879), a proceeding in equity for an accounting and for recovery therein against the guardian and his sureties, the sureties demurred to the bill on the ground among others that they were improperly joined as parties defendant. This Court, in disposing of the ruling of the lower court in overruling the demurrer, said there can be no question as to the propriety of joining the guardian and his sureties as defendants to a bill for an accounting and decree in this State nor is there any doubt as to the jurisdiction of a court of equity in the premises.

In May v. May, 19 Fla. 373 (1882), suit in equity was brought to establish the liability of the guardian and his sureties upon the guardian's bond, and to obtain an accounting to ascertain the amount due and for a decree accordingly. The cases of Hendry v. Clardy, supra, and Pfeiffer v. Knapp, supra, were therein cited with approval, and this Court, in denying the first ground of appeal urged by representatives of the guardian and the surety to the effect that complainant had an adequate remedy at law, said, "the suit is brought upon a guardian's bond against the representatives of the deceased guardian the representatives of a deceased surety, and against a surviving surety, and involves the settlement of the deceased guardian's account. Cases of this character are peculiarly within equity jurisdiction."

In Pace v. Pace, 19 Fla. 438, a suit in equity by a ward against his guardian for an accounting it was said that the surety upon the guardian's bond was a proper, but not a necessary party defendant, but there is nothing therein said which denies the right of recovery in such cases against the surety upon the bond if he be made a party defendant therein.

Although the jurisdiction of equity to enforce liability on administration bonds has been unequivocally denied, the generally prevailing view in the United States is that such liability may be enforced in equity. The remedy in equity sometimes exists by virtue of statutory provisions, but many of the decisions sustaining such jurisdiction are based merely on the ground that permitting the enforcement of the bond in equity prevents multiplicity of suits and circuity of actions where plaintiff was obliged to come into equity in the first instance. It has also been held that the liability may be enforced in equity, where the remedy at law is inadequate or not available. 24 C.J. 1095; 11 A. & E. Ency. Law (2d Ed.) 902; 8 Ency. Pl. & Pr. 726.

In the case at bar, the bill seeks an accounting and discovery against the trustees and their surety. It sets forth the complicated character of the accounts, the need of discovery and the existence of a fiduciary or trust relationship. Equitable jurisdiction may rest upon these grounds. 1 Ency. Pl. & Pr. 93. And it may be said generally that whenever there is a fiduciary relation such as that of trustee, agent, executor, etc., the right to an accounting in equity is undoubted. The right in such cases is based upon the substantive equity of trusts which jurisdiction equity always had. 1 Ency. Pl. & Pr. 96.

In line with the early decisions of this Court, and the weight of authority generally, we now hold that where a

court of equity has jurisdiction to compel an accounting .from a fiduciary, the sureties on the fiduciary's bond may not only be made parties defendant to such suit, but their liability upon such bond may be enforced in the same suit. Hendry v. Clardy, supra; Pfeiffer v. Knapp, supra; May v. May, supra.

In this State, it is provided by statute, that where there are executions against a principal and sureties or an execution against a principal and surety or sureties, it shall be the duty of the sheriff or other officer to make the money out of the property of the principal unless he be insolvent, or has no property, in which case, the execution may proceed against the property of the surety. Section 4508 (2821) Compiled General Laws of Florida, 1927.

If, upon the accounting had, it be found there is a liability upon the bonds given in this case, the decree may properly go against the principals and surety herein, but the sheriff or other officer who may seek to make the money upon execution should first attempt to make the money out of the principals unless they be insolvent or have no property.

By the terms of the bonds which the defendant trustees executed as principals and the appellant executed as surety, the principals and surety jointly and severally obligated themselves among other things that the trustees would faithfully perform all and singular the duties incumbent upon them by reason of their election or appointment as bond trustees and account for all moneys coming into their hands as said bond trustees according to law. These bonds were not given to protect the primissee against loss or damage arising through liability to a third person, but for loss occasioned by reason of the principals' failing to properly account or perform their duties and are not

indemnity bonds according to the strict literal meaning of the term.

The essential distinction between an indemnity contract and a contract of guaranty or suretyship is that the promissor in an indemnity contract undertakes to protect the promissee against loss or damage through a liability on the part of latter to a third person, while the undertaking of a guarantor or surety is to protect the promissee against loss or damage through the failure of a third person to carry out his obligation to the promissee. 16 A. & E. Ency. Law (2d Ed.) 168.

What was said in the former opinion filed in this case concerning the denial of the right of recovery herein against the surety and the classification of the bonds herein mentioned as indemnity bonds is hereby modified to accord with this opinion.

The order of the court below overruling the demurrer of the surety company is again affirmed and this cause is remanded for further proceedings not inconsistent herewith.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion on rehearing prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that what was said in the former opinion filed in this case concerning the denial of the right of recovery herein against the surety and the classification of the bonds herein mentioned as indemnity bonds is hereby modified to accord with this opinion, and it is further considered, ordered, and adjudged by the Court that the order of the court below overruling the demurrer of the surety company be, and the same is hereby again affirmed

and this cause is remanded for further proceedings not inconsistent with the foregoing opinion.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.

DAVIS, J., disqualified.