### PENNSYLVANIA CASUALTY CO. v. McCOY.

### No. 12213.

Circuit Court of Appeals, Fifth Circuit.

April 1, 1948.

H. Reid DeJarnett, of Miami, Fla., for appellant.

L. J. Cushman, of Miami, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The question involved here is whether or not the Casualty Company is liable to indemnify its assured in the amount of a judgment rendered against the latter for damages arising out of an accident caused by the collision of the assured's truck with the car of one John McCoy, whereby the wife of the latter was killed. The assured, Milton R. Elliott, is a resident of Laurel, Delaware, at which point his truck was principally garaged. A rider attached to the automobile liability policy contained the following provisions:

"In consideration of the reduced premium at which this policy is issued it is warranted by the Assured that the regular and frequent use of the commercial automobile described in the policy is and will be confined during the policy period to the territory within a 500 mile radius of the limits of the city or town of principal garaging of such automobile; that no regular or frequent trips are or will be made during the policy period to any location beyond a 500 mile radius from the limits of the city or town of principal garaging of such automobiles."

Upon the happening of the collision, more than 500 miles away from the city of the principal garaging of the truck, the insurance carrier entered into a reservation of rights with its assured, Elliott, and

furnished a defense to the suit without prejudice to its right to a later determination of its liability in the premises.

Whether or not it was liable under the rider to pay the judgment depends upon whether the truck, at the time of the collision, was engaged in making regular or frequent trips to any point or points beyond a 500-mile radius from Laurel, Delaware.

The lower Court, before whom the case was tried without a jury, found that the truck had, within a period of approximately six weeks, made two trips to Florida and was then on its third and last trip, and that it was "apparent that only a limited use of the truck was made by defendant's Son in his vegetable buying activities in Florida," and not such a regular and frequent use of the vehicle as would exclude it from coverage under the policy. Wherefore, it held that the Casualty Company was liable to the assured and answerable to his garnishee, McCoy, in this case for the amount of the latter's judgment but not for the allowance of an attorney's fee under Sec. 625.08 of Florida Statutes Annotated. The provision of this statute is for the benefit of the insured or the beneficiary named in the policy who procures a judgment or decree in his favor under the policy. The suit here was not brought by the insured, nor was McCoy the beneficiary under the policy.[1]

The order denying the allowance of attorney's fee to McCoy, from which McCoy has appealed, is affirmed.

Whether the two completed, and the one uncompleted, trips to Florida constituted such regular and frequent trips as would remove the vehicle from the coverage of the policy is not so easily settled. The rider did not proscribe the truck from making casual or spasmodic trips beyond the 500-mile zone. The term "regular" and the term "frequent" is each a relative term, depending upon the facts and circumstances. For instance, a fast-moving, lightly-loaded automobile is capable of making more frequent trips than a slow-moving, heavily-laden one, and what would be frequent trips for the latter might not be considered so frequent for the former vehicle. The distances of the trips would also enter into the question of frequency. Regularity might encompass the idea of a fixed time of departure and return—the idea of a regular run or schedule. In conveying vegetables and produce from Florida to merchants in distant places, such a vehicle might be expected to deliver produce at the places of business of such merchants on certain days in order to give them a constant, sustained, and dependable source of supply. The degree of use, beyond the 500-mile zone, made by the insured and permitted by the policy, presents mixed questions of law and fact which the lower Court has found against the Appellant. We cannot say that the finding of fact is clearly wrong, nor have we been cited to any New Jersey case that under such facts would require a different legal conclusion.

The judgment from which the Casualty Company has appealed is also affirmed.

---

[1] Royal Indemnity Co. v. Knott, 101 Fla. 1495. 136 So. 474; State ex rel.

Travelers' Indemnity Co. v. Knott, 114 Fla. 820, 153 So. 304, 155 So. 115.