PER CURIAM.
The appellant, American Casualty Company of Reading, Pennsylvania, became surety for Jules Bloch & Sons, a partnership, on certain Payment and Performance bonds relating to construction undertaken by the latter. The partnership and the members thereof and Esther Bloch, the wife of Jules Bloch one of the partners, entered into an agreement indemnifying American Casualty Company. Losses were occasioned due to defaults of the partnership under construction contracts through failure to pay certain obligations to subcontractors and others.
Appellant sued Esther Bloch and the others obligated on the indemnity agreement and moved for summary judgment with a supporting affidavit establishing its loss. The defendant Esther Bloch also moved for summary judgment, admitting participation in the indemnity agreement but contending exemption under the Florida constitution, Article XI, section 1, F.S.A., with a supporting affidavit in which she contended her participation in the agreement was a promise to pay the debt of her husband, and that it had not been executed with the formality required to make it effective. The trial court denied the plaintiffs’ motion, and granted summary judgment in favor of the defendant Esther Bloch. In so holding the trial judge was in error, and we reverse.
 Esther Bloch’s obligation was not one to indemnify the American Casualty Company for loss it might sustain on such bonds because of a failure of her husband to pay an obligation owed to the plaintiff or even for failure of the partnership to pay a debt owed to the American Casualty Company. Her agreement was to indemnify the American Casualty Company against loss sustained as a result of the partnership defaulting in its obligations to other parties. Therefore, her undertaking was not a promise to pay the debt of her husband. See United States v. American National Bank of Jacksonville, 5 Cir.1958, 255 *581 F.2d 504, 508. The appellant has directed our attention to the essential distinction between an indemnity contract and a contract of guaranty which is that “the promisor in an indemnity contract undertakes to protect the promisee against loss or damage through a liability on the part of latter to a third person, while the undertaking of a guarantor or surety is to protect the promisee against loss or damage through the failure of a third person to carry out his obligation to the promisee.” Royal Indemnity Co. v. Knott, 101 Fla. 1495, 136 So. 474, opinion on rehearing at 479; State ex rel. Travelers’ Indemnity Co. v. Knott, 114 Fla. 820, 153 So. 304, 307, 155 So. 115.
For the reasons stated the judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.