Kimball Lumber Company v. John G. Ruge—Opinion of Court:

KIMBALL LUMBER COMPANY, OF APALACHICOLA, FLORIDA, APPELLANT, VS. JOHN G. RUGE, APPELLEE.

A motion to dismiss an appeal on account of the failure of the appellant to file the transcript in the Supreme Court on or before the first day of the term to which the appeal is returnable cannot be based upon the transcript filed by the appellant before the entry of the motion.

Appeal from the Circuit Court for Franklin County.

The facts of the case are stated in the opinion.

Motion to dismiss appeal.

*John W. Malone, Blount & Blount*, for motion.

*Fred T. Myers*, contra.

RANEY, C. J.: The motion to dismiss this appeal is upon the ground that appellant had not filed the transcript of the proceedings of the Circuit Court in this Court on the first day of the present term. It was not filed till the thirtieth day of January, which was the seventeenth day of the term. The motion to dismiss was not entered till the third day of February.

The statute provides that it shall be the duty of the appellant to demand from the clerk a true copy of all proceedings in the cause in the Circuit Court and file such

copy with the clerk of the Supreme Court on or before the first day of the next succeeding term thereof, unless the succeeding term shall commence within thirty days after obtaining such appeal, and then the appeal shall be entered as soon after the first day of [not "after," as printed in McClellan's Digest, 842] · such succeeding term of the Supreme Court as will admit of twenty day's notice thereof being given ; and if the appellant fail to file the proceedings as aforesaid it shall be the duty of the Court, unless good cause be shown, to dismiss the appeal on the adverse party producing a certificate from the clerk of the Court below that " an appeal has been obtained and bond given," as provided by the statute.  Thompson's Digest, p, 448, Section 1 ; Section 1 Ter. Laws 1832, p. 93.

No such certificate is produced by the appellee, but he bases his motion on the transcript of the record filed by the appellant.  This he cannot do on the record furnished by the appellant.  If he wishes the relief authorized by the statute he must furnish the evidence.  West vs. Brasher, 12 Peters, 101; Macomb vs. Armstead, 10 Id, 407.  We find no case decided under our statute in which the relief has been granted without the appellees having furnished the evidence to put this Court in motion.

As these motion are, in view of our adjudications, that such a dismissal of an appeal does not preclude the taking of a new appeal or writ of error, within the times allowed by law, generally productive only of delay to the extent of the loss of a term by the appellee and the payment of the costs of the motion by the appellant, we feel it proper to state here a view of the above statute which has occurred to us during our consideration of this case, and is found to be supported by authority.  It is whether a motion of this kind will be entertained when made at the term to which

the appeal is returnable, unless it is entered before the transcript has been filed by the appellant; or, in other words, while the appellant is in default. Bingham vs. Morris, 6 Cranch, 99; Pickett vs. Legerwood, 7 Peters, 144. Sparrow vs. Strong, 3 Wall., 97. In Town of Enterprise vs. State ex rel., 24 Fla., 206, a different view was taken, as supported by Rain vs. Thomas, 12 Fla., 493. Upon reviewing that case we find it appears in the latter part of the opinion that the transcript was not filed till after the entry of the motion, a fact which, in the consideration of the Enterprise case, escaped the attention of the Court, and, I may properly say, in view of any special responsibility that may attach to the Justice speaking for it, of myself in writing that opinion. If the ruling there was error, as it seems now it may be, it should be corrected, and will be called to the attention of counsel in the first case that may involve the point.

The motion to dismiss is denied, and it will be so ordered.