AMERICAN SURETY COMPANY OF NEW YORK, *Plaintiff in Error,* v. R. NELSON SMITH, as Trustee in Bankruptcy for Jacksonville Marble & Tile Company, *Defendant in Error.*

AMERICAN SURETY COMPANY, *Petitioner,* v. DECATUR IRON & STEEL COMPANY, *Respondent*

Division B.

Opinion filed October 27, 1930.

*Doggett, Christie & Doggett,* and *George A. K. Sutton,* for Plaintiff in Error and Petitioner;

*Giles J. Patterson, Lloyd Z. Morgan,* and *William D. Morgan,* for Defendant in Error and Respondent.

STRUM, J.—The first of these cases is here upon writ of error to a judgment of the circuit court awarding to plaintiff below, defendant in error here, a recovery in an action upon an indemnity bond. The second is here upon *certiorari* to the Circuit Court for Duval County to review an order dismissing an appeal to that court from a judgment of the Civil Court of Record of Duval County, which judgment awarded a recovery to the plaintiff in the latter court, respondent here upon the same bond. As both cases present the same substantive question, they will be considered together.

Gainesville Development Company, as the owner of certain lands in Alachua County, entered into a contract with J. M. Lawton Company, whereby the latter agreed to construct a building on said lands for said owner.

The contractor, J. M. Lawton Company, as principal, and American Surety Company, as surety, executed an indemnity bond to the owner, Gainesville Development Company, as obligee, the condition of which bond is:

"If the principal shall faithfully perform the contract on his part, and satisfy all claims and demands, incurred for the same and shall fully 'indemnity' and save harmless the owner from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default, and shall promptly make payments to all persons supplying labor and material in the prosecution of the work provided for in the contract, and as provided by Section 3533 of the Revised General Statutes of Florida (Chapter 6867, Acts of

1915) then this obligation shall be null and void; otherwise it shall remain in full force and effect.''

Plaintiffs in the two actions in the lower court supplied material which was used in the prosecution of the work above mentioned, the plaintiffs having dealt, apparently, with the contractor, not with the owner.

Not having received full payment, the materialmen in their own names separately instituted their actions, one in the circuit court and one in the civil court of record, to recover the balance due them, respectively, upon the contractor's indebtedness to them.

The actions were maintained against the surety alone.

The issues presented here for review are: First, whether the bond indemnifies the plaintiffs under the circumstances above stated, the defendant surety contending that the obligation of the bond extends to the indemnification of the obligee only, and not to materialmen dealing with the contractor; second, if the bond indemnifies the plaintiffs, whether or not the latter may maintain the action in their own names.

As the work here in question is not public work, to which alone Sec. 3533, Rev. Gen. Stats., 1920 (Sec. 5397, Comp. Gen. Laws, 1927) applies, the bond is not and can not be a statutory bond as contemplated by that statute. The reference to Sec. 3533, Rev. Gen. Stats., 1920, in the condition of the bond is therefore ineffective, except in so far as it sheds light upon the intention of the parties.

The bond is a good common law bond, and must be construed and enforced accordingly. The surety is a compensated surety, with reference to whom the rule of *strictissimi juris* has been greatly minimized. See U. S. for use of Hill v. American Surety Co., 200 U. S. 202, 50 L. Ed. 437; Royal Ind. Co. v. Northern Granite Co., 126 N. E. R. 405, 12 A. L. R. 378. As this is not a statutory

bond, and as the bond contains an express obligation to pay persons supplying labor and material, what is said in McCrary v. Dade County, 80 Fla. 652, 86 So. R. 612, is not applicable here.

When a contract is designed solely for the benefit of the formal parties thereto, third persons can not maintain an action thereon, even though such third persons might derive some incidental or consequential benefit from its enforcement. Leon v. Kerrison, 47 Fla. 178, 36 So. R. 173; Wright v. Terry, 23 Fla. 160, 2 So. R. 6.

The formal parties to a contract, however, are not always the only persons who have an enforceable interest in its performance. There is no good reason why a person may not maintain an action upon a contract, though not a formal party to it, when the contracting parties intend that he may do so. Where, therefore, it is manifest from the nature or terms of a contract that the formal parties thereto intended its provisions to be for the benefit of a third party, as well as for the benefit of the formal parties themselves, the benefit to such third party being the direct and primary object of the contract, or amongst such objects, such third party may maintain an action on the contract even though he be a stranger to the consideration. In such a case, if the formal parties choose to treat the beneficiary as a primary party in interest, they recognize him as a privy in fact to the consideration and promise. Hunter v. Wilson, 21 Fla. 250; Punta Gorda Bank v. State Bank, 52 Fla. 399, 42 So. R. 846; Woodbury v. Tampa Water Works Co., 57 Fla. 249, 49 So. R. 556; First National Bank v. Perkins, 81 Fla. 341, 87 So. R. 144; Henricks v. Lindsay, 3 Otto (U. S.) 143, 23 L. Ed. 855; Evans v. Sperry, 12 Fed. R. (2nd) 438; Clark & Co. v. Nelson, 112 So. R. 819, 53 A. L. R. 173; Myerson v. New Idea Hosiery Co., 115 So. R. 94; 55 A. L. R. 1231; Austin v. Seligman, 18 Fed. R. 519.

Although the rule just stated was not recognized in the ancient common law, the doctrines which deny such a right to a third party have now been relaxed almost universally as to *simple* contracts so as to permit the beneficiary to sue upon a contract made primarily and directly for his benefit.

The contract here sued upon is under seal. As to such contracts there now exists a striking conflict in the authorities, many denying the right when the contract is under seal, for the reason that an action upon such a contract is in covenant, and at common law that action could be maintained only between parties between whom exists privity of contract or estate. 15 C. J. 1193. Even independently of statutory influence the rule now prevails in many jurisdictions that one for whose direct benefit a contract was made, and who is a primary party in interest, may enforce the same, though the contract be under seal. This view now obtains in perhaps the majority of jurisdictions, in some instances through statutory influence and in some instances without it. See the exhaustive note to Cavanaugh Bros. v. Gaston (152 N. E. R. 623), 47 A. L. R. 1.

In this State the doctrine is affected by statute. Sec. 4201, Comp. Gen. Laws, 1927, provides, amongst other things, that: "Any civil action at law may be maintained in the name of the real party in interest. * * * By amendment the nominal party may be stricken out and the case may proceed in the name of the use plaintiff."

It has heretofore been held that the purpose of this statute is "to relax the strict rule of the common law so as to enable those directly interested in, but not parties to, a contract, to maintain an action for its breach; and the statute should be so applied as to accomplish its salutary purpose." Woodbury v. Tampa Water Works Co., 57 Fla.

249, 49 So. R. 556; First National Bank v. Perkins, 81 Fla. 341, 87 So. R. 912. In the cases last cited it does not clearly appear whether the contract there involved was under seal. In view of the broad language of our statute, however, we regard the language used in those cases as applicable to contracts under seal, and hold that when it is manifest from the nature or terms of a contract that the formal parties thereto intended to treat a third party as a person primarily entitled to the benefit of its provisions and therefore a party directly, and not merely consequentially, interested in its enforcement, such beneficiary may maintain an action in his own name upon the contract, even though the contract be under seal. See Starbird v. Cranston, 48 Pac. R. 652; Hughes v. Oregon R. & Nav. Co., 5 Pac. R. 206; Tapscott v. McVey, 81 Atl. R. 348, affirmed 85 Atl. R. 343.

The view just stated harmonizes with the former holding of this Court in Realty Mtg. Co. v. Noggle, 97 Fla. 643, 121 So. R. 883, which was an action at law by a mortgagee against a grantee who had knowingly accepted a deed of conveyance containing a covenant of assumption of the mortgage debt. By a per curiam order, this Court, upon authority of Ackley v. Noggle, 97 Fla. 640, 121 So. R. 883, reversed an order of the circuit court sustaining a demurrer to plaintiff's declaration. See Slottow v. Hull Inv. Co., 127 So. R. 577, 579. See, also, Tuttle v. Jocksum, 138 Atl. R. 804.

In Ackley v. Noggle, *supra,* in Brownson v. Hannah, 93 Fla. 223, 111 So. R. 731, the action was the grantor (maker of the note) against his grantee, the action, therefore, between the formal parties to the contract of assumption. In Realty Mtg. Co. v. Noggle, however, the action was one at law, by the mortgagee as plaintiff against the grantee, as defendant, upon the contract of assumption to

which the mortgagee was not a formal party. The right to maintain the action at law in the latter case rests, not upon principles of subrogation, which is an equitable doctrine, but upon the principle herein discussed that where two parties make and intend a contract for the benefit of a third, the latter may enforce those provisions designed primarily for his direct benefit. See note to Hamilton v. Wheeling Co., (107 So. E. R. 401), 21 A. L. R. 433, 480; Evans v. Sperry, 12 Fed. R. (2nd) 438; 19 R. C. L. 374; Tuttle v. Jocksum, *supra.*

Keller v. Ashford, 133 U. S. 610; 33 L. Ed. 667, which takes the contrary view, was decided in a jurisdiction in which the view is taken that liability of the grantee to the mortgagee depends upon the equitable doctrine of subrogation (See 21 A. L. R. 475) and in which jurisdiction apparently there is no statute permitting the real party in interest to sue, such as Section 4201, Comp. Gen. Laws, 1927.

In the bond under consideration, that portion of the obligation which reads as follows is clearly intended for the protection of the owner alone: "If the principal shall faithfully perform the contract on 'his' part, and satisfy all claims and demands, incurred for the same and shall fully 'indemnity' and save harmless the owner from any cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the owner all outlay and expense which the owner may incur in making good any such default * * *" then the bond shall be void. If it had been the intention of the parties to protect the owner only, that portion of the obligation just quoted would have done so, including protection against the filing of liens by materialmen and laborers. If the bond had contained only the condition just quoted, there would be

room for the contention that the bond was designed solely to protect the owner.

The obligation is enlarged, however, by the addition of a further condition, unnecessary to the owner's protection, as follows: "* * * and promptly make payments to all persons supplying labor and material in the prosecution of the work provided for in the contract * * *." There must have been some purpose in using the latter language. Since the owner was already fully protected, it must be taken as indicating primarily and directly, an intent to protect materialmen in the situation of these plaintiffs. The condition goes even further. The last language providing for payment to persons supplying labor and material, is interpreted by the immediately subjoined language, "and as provided by Section 3533 of the Revised General Statutes of Florida," which provides for suits by materialmen upon bonds of this character when given in connection with public work. Altogether, the obligation of the bond evidences a clear intent that the materialmen shall be protected by the bond in the mode described by the statute referred to.

The contract between the owner and contractor, pursuant to which this bond was executed, provides: "The owner shall have the right to require the contractor to furnish bond covering the faithful performance of the contract 'and the payment of all obligations arising thereunder,' in such form as the owner may prescribe and with such sureties as he may approve."

Although there is some authority tending to the contrary, the decided weight of authority supports the rule, which we here adopt, that when a building contractor executes an indemnity bond to the owner to ensure performance of a building contract, conditioned in such manner as to fully protect the interests of the obligee, and further

conditioned not merely that the contractor shall "furnish" or "supply" all materials, but that he shall "make payment to all persons supplying materials in the prosecution of the work," a materialman may recover upon such bond as a contract entered into between the formal parties thereto for the benefit of a third party, the materialman. Such an obligation is of dual aspect—one of which is that the contractor shall perform his contract with the owner; the other that he shall pay materialmen supplying materials in the prosecution of the work. The owner's promise to pay the contractor is the consideration for the latter's promise to pay the materialmen. Hartford A. & I. Co. v. W. & J. Knox Co., 132 Atl. R. 261; Maryland Cas. Co. v. Fowler, 31 Fed. R. (2nd) 881, 63 A. L. R. 1375; Webster v. Beaumont, 138 N. W. R. 102; Forberger v. Lion Bonding Co., 170 N. W. R. 897; Ocha v. Carnahan Co., 76 N. E. R. 788; U. S. Gypsum Co. v. Gleason, 116 N. W. R. 238, 17 L. R. A. (N. S.) 906; Concrete Steel Co. v. Ill. Surety Co., 157 N. W. R. 543; Knight & Jillison Co. v. Castle, 87 N. E. R. 976, 27 L R. A. (N. S.) 573; Connor Co. v. Olson, 115 N. W. R. 811; Royal Ind. Co. v. North O. Granite Co., 126 N. E. R. 405, 12 A. L. R. 378 (involving public work, but in which the right of the materialman to sue was not dependent upon a statute such as Sec. 5397, Comp. Gen. Laws 1927); 21 R. C. L. 985; Stearns on Suretyship, page 207.

A contrary decision was reached in Sun Ind. Co. v. American University, 26 Fed. R. (2nd) 556; First Methodist Church v. Isenberg, 92 Atl. R. 141; Fosmire v. Nat'l. Surety Co., 127 N. E. R. 472; and in Sealres v. City of Flora, 80 N. E. R. 98, but the obligation of the bonds considered in those cases is not as exacting as in the bond under consideration. In the case last cited the principle upon which the case at bar is decided is clearly recognized.

The judgment of the circuit court, here upon writ of error, is affirmed.

The sole question raised in the appeal from the Civil Court of Record to the Circuit Court of Duval County is whether or not under the terms of the bond indemnification is limited to the obligee alone. That question has been disposed of adversely to the Surety Company, petitioner in *certiorari*. It becomes unnecessary, therefore, to determine whether or not the circuit court was technically in error, under the rule in Kimball Lbr. Co. v. Ruge, 26 Fla. 59, 7 So. R. 373, and Lake v. Hancock, 29 Fla. 336, 11 So. R. 97, in dismissing the appeal from the judgment of the civil court of record, the transcript of record upon that appeal having been filed after the return day but before a motion to dismiss was interposed. Had the appeal been considered on its merits, the judgment appealed from should have been affirmed.

Therefore, the writ of *certiorari* is quashed.

WHITFIELD, P. J., and BUFORD, J., concur.

TERRELL, C. J., and ELLIS and BROWN, J. J., concur in the opinion and judgment.