DOYLE E. CARLTON, Governor, for Use and Benefit of Okeechobee County, v. DETROIT FIDELITY AND SURETY CO.

151 So. 328-332.
Division B.
Opinion Filed Nov. 13, 1933.
Rehearing Denied Dec. 5, 1933.

*T. C. Durrance,* for Plaintiff in Error;

*T. W. Conely, Jr.,* and *Fee & Liddon,* for Defendant in Error.

WHITFIELD, J.—An action was brought against the corporate surety on the official bond of W. W. Potter as a

county commissioner' for Okeechobee County. A demurrer to the declaration was sustained and the plaintiff declining to amend, judgment was rendered for the defendant surety company and the plaintiff took a writ of error.

The condition of the bond is that the county commissioner "shall diligently and faithfully perform all the duties of his said office as prescribed by law."

The declaration alleges that one of the duties prescribed by law for the county commissioners is to diligently and faithfully conserve the funds of the county; that the named county commissioner did not diligently and faithfully perform all the duties of his office as prescribed by law in this, to-wit:

"Prior to the 10th day of April, 1927, the said Okeechobee County, Florida, in manner prescribed by law, issued and sold its bonds in the sum of $500,000.00, said issue being known and designated as Okeechobee No. 29, Bond Issue, that the Peoples Bank of Okeechobee was designated as depository for proceeds of sale of said bonds in connection with an agreement between the Florida National Bank of Jacksonville, Duval County, Florida, and said Peoples Bank of Okeechobee; * .* * that under and by virtue of said agreement, Okeechobee County, Florida, agreed to deposit with Peoples Bank of Okeechobee, the proceeds of said bond issue which should be immediately redeposited with Florida National Bank of Jacksonville, and the deposit in Florida National Bank of Jacksonville would and should be designated as 'Peoples Bank of Okeechobee' and that in pursuance of said arrangement said deposit was so made by the County of Okeechobee with Peoples Bank of Okeechobee redeposited said money with Florida National Bank of Jacksonville in an account known as 'Peoples Bank of Okeechobee' and that the Florida National Bank of Jacksonville in consideration of such deposit so made by it

loaned to the Peoples Bank of Okeechobee, Government bonds or other securities to the value of $300,000 or custodian's receipts representing such bonds, said receipts being executed by Jacksonville branch of Federal Reserve Bank of Atlanta, Georgia, said bonds were loaned by the Florida National Bank of Jacksonville to said Peoples Bank of Okeechobee for the express purpose of enabling the said Peoples Bank of Okeechobee to deposit said bonds with Okeechobee County, to secure and indemnify the said Okeechobee County for the deposit of its money as hereinbefore set forth and said bonds or receipts representing the same were with the knowledge and consent of the Florida National Bank assigned to Okeechobee County, to secure the deposit that was made with Florida National Bank of Jacksonville and deposit that was made in Peoples Bank of Okeechobee and to secure and indemnify Okeechobee County as against any loss by reason of such deposit; * * * that under the terms of agreement between the Peoples Bank of Okeechobee, Florida National Bank and said Okeechobee County, none of the said bonds or receipts evidencing same were to have been returned to Florida National Bank until the deposit above mentioned was reduced by withdrawals made by said County to $300,000 and it was understood and agreed that when said deposit was reduced to $300,000 by said County there was to be returned to Florida National Bank through the Peoples Bank of Okeechobee, $50,000 of bonds or receipts evidencing the same and that when said deposit was reduced to $250,000 by withdrawals being made by said County there was to be delivered to the Florida National Bank through the Peoples Bank of Okeechobee bonds or receipts evidencing the sum in the amount of $50,000 and when said deposit had been reduced to $200,000 there was to have been returned to Florida National Bank through the Peoples Bank

bonds in the amount of $50,000 or receipts evidencing the same and when said deposit was reduced by withdrawals made by said County to $150,000, $50,000 of said bonds or receipts evidencing same were to have been returned to Florida National Bank through Peoples Bank and when said deposit was reduced to $100,000 by withdrawals being made by said County there was to have been returned to Florida National Bank $50,000 of bonds so deposited or receipts evidencing same and that when said deposit was reduced to $50,000 balance of bonds deposited or receipts evidencing same was to be returned to Florida National Bank through Peoples Bank; * * * that Okeechobee County deposited with said Peoples Bank approximately $500,000 proceeds of sale of said bonds which deposit was redeposited with Florida National Bank under the terms aforesaid and that from time to time Okeechobee County, in payment of work for which said bonds were issued, drew upon said deposit until such deposit was reduced to $300,000; that on said date and at such time as aforesaid Okeechobee County should have had a security for the said sum of $300,000, $300,000 in securities or receipts evidencing the same, but the County Commissioners of Okeechobee County, Florida, had heretofore released said securities in the sum of $40,000 and $50,000, respectively; that on September 3, 1928, when the balance in said bank to the credit of said County in Road 29 Bond Fund as aforesaid, was $305,931.62. Okeechobee County had as securities to protect the same, $210,000 of bonds and/or receipts evidencing the same, notwithstanding the fact that under and by virtue of the terms of the agreement as aforesaid * * * there should have been $300,000 of securities available to protect account; * * * that when the said W. W. Potter assumed his duties as a member of the Board of County Commis-

sioners, Okeechobee County, Florida, that is to say, that on January 8, A. D. 1929, that Okeechobee County had on deposit in the Peoples Bank of Okeechobee the sum of $257,829.61, which said sum represented the balance of Road 29 Bond Fund as aforesaid and that at said time County of Okeechobee had as securities for said sums of money, $160,000 of the securities heretofore described when there should have been on deposit to the credit of said County the sum of $250,000 of said securities or receipts evidencing the same; * * * that on to-wit the 4th day of February, A. D. 1929, said W. W. Potter, while acting as a County Commissioner of Okeechobee County, Florida, voted for the release of securities as aforesaid in the sum of $50,000, thereby reducing said securities to $110,000, notwithstanding the fact that there was to the credit of said Okeechobee County in Road 29 account as aforesaid the sum of $206,831.96 and there should have been $200,000 of securities as aforesaid to protect said account; * * * that on to-wit the 16th day of March, A. D. 1929, said W. W. Potter, while acting as a County Commissioner of Okeechobee County, Florida, voted for the release of securities as aforesaid in the sum of $50,000.00, thereby reducing said securities to $60,000.00, notwithstanding the fact that there was on deposit in the said Peoples Bank Fund as aforesaid, and there should have been securities in the sum of $150,000.00 to protect said balance in said fund; * * * that on the 6th day of May, 1929, that deposit aforesaid had been reduced to $108,432.97 and that on said date Okeechobee County had and was entitled to hold under terms of said agreement $60,000.00 of bonds or receipts evidencing the same, hereinbefore last referred to and that neither the said Peoples Bank of Okeechobee or the Florida National Bank were

entitled to have returned any of said remaining bonds until said deposit was reduced to $50,000.00 and that on the said 6th day of May, 1929, the said W. W. Potter, who was then acting as County Commissioner of Okeechobee County, at a special call meeting without notice to other County Commissioners of said County and in violation of contract aforesaid under terms of which said bonds were deposited with said Okeechobee County and in violation of duty cast upon them by law passed the following resolution;

" *'Whereas,* the Credit balance of State Road 29 Funds have decreased to a figure entitling the depository to a release of Fifty Thousand Dollars of the bonded securities, and *Whereas,* by May 15th, 1929, the said depository will have paid a sum from the said 29 funds sufficient to entitle said depository to the balance of said bonded securities in an amount of Ten Thousand Dollars. Now, therefore, BE IT RESOLVED that the Board of County Commissioners, through its Chairman, release to the depository the balance of bonded securities, in the amount of Sixty Thousand Dollars, now held by the Board, and that the Chairman be, and he is hereby authorized to execute the proper release and deliver same to the said Depository.'

"And that said W. W. Potter voted for adoption of said resolution and in pursuance of said resolution the said W. W. Potter, Quinn J. Bass and S. A. Blair, either delivered or caused to be delivered and turned over to the Peoples Bank of Okeechobee or some servant thereof, the bonds or receipts evidencing same, in the sum of $50,000.00, which said Okeechobee County held as security for the $108,432.97 which said County then had on deposit with said Peoples Bank of Okeechobee as hereinbefore set forth; * * * That it was not true that at time of passing said resolution said deposit had been reduced to amount entitling said

People's Bank of Okeechobee and Florida National Bank of Jacksonville to release of $50,000 of bonds referred to in said resolution, and that said W. W. Potter knew that said statement so made by said resolution was untrue, and the Plaintiff alleges that the release of said securities as aforesaid, was illegal and in violation of the duty imposed upon the said W. W. Potter, as County Commissioner, by law; * * * that on the 5th day of June, A. D. 1929, said Peoples Bank of Okeechobee was closed by the Comptroller of the State of Florida, and that thereafter J. P. Cochrane was duly appointed and qualified as Liquidator of said insolvent banking institution, and as such Liquidator, took charge, possession and control of the assets and affairs of said insolvent bank, and is now in charge, possesion and control of said assets; * * * that at the time the said Peoples Bank of Okeechobee, Okeechobee, Florida, closed its doors, that is to say, on June 5, 1929, Okeechobee County had on deposit with said People's Bank in Road 29 Fund, which was deposited in said bank under the agreement aforesaid, the sum of $91,361.54; that there were outstanding securities to protect the said sum of $91,361.54, bonds and/or securities in the sum of $10,000.00, of the par value of $10,000.00, which said securities have been credited by Okeechobee County on the amount of the said deposit, leaving a net balance due said County in Road 29 Bond Fund as aforesaid, the sum of $81,361.54, together with interest thereon from June 5, A. D. 1929, to date; * * * that the securities heretofore released, as set out herein, including those released on May 6, A. D. 1929, were at the time of said release, as aforesaid, of the market value of par; * * * that the said Florida National Bank of Jacksonville, Florida, Peoples Bank of Okeechobee, Okeechobee, Florida, or said Liquidator thereof, or either of them or any person in their behalf

has never paid any sum of money and/or dividend to the Plaintiff herein; that said People's Bank of Okeechobee or the Liquidator thereof, will never pay any dividend to the common directors of said bank, for the reason that the affairs and assets of said bank cannot be so liquidated as to justify a distribution of dividend to said common creditors; that said Bank or the receivers thereof, will not have in their possession or control sufficient moneys and/or sums which to pay said Plaintiff's claim or any part thereof; * * * that by reason of the unlawful release of the securities and/or bonds as aforesaid, the Plaintiff and those whom he represents, namely; the Citizens of Okeechobee County, Florida, and tax payers thereof, have lost the sum of $81,361.54. Although the defendant herein had been duly notified of the unlawful and illegal act of W. W. Potter as hereinbefore set forth and resulting loss to County of Okeechobee and although demand has been made upon defendant for payment of amount called for by said bond, the defendant has failed and refused to pay unto Plaintiff for use and benefit of Okeechobee County the amount of said bond, on which it was surety, to-wit, the sum of $2,000."

"The bond of a surety company agreeing to indemnify an employer against the default of an employee is to be most strongly construed against the surety." National Surety Co., et al., v. Williams, 74 Fla. 446, 447, 77 So. 212.

See also Am. Surety Co. v. Smith, Trustee, 100 Fla. 1012, 130 So. 440; 12 A. L. R. 378, and note; Royal Indemnity Co. v. Northern Granite & S. Co., 100 Ohio St. 373, 126 N. E. 405; Tapping v. McIntosh, et al., 104 Fla. 715, 140 So. 773; Parsons, et vir., v. Federal Realty Corp., et al., 105 Fla. 105, 118, 143 So. 912. The rule applies to official bonds, 63 A. L. R. 728, note m; American Surety Co. v. Pauley (No. 1), 170 U. S. 133, 144, 18 Sup. Ct. 552; 42 L.

Ed. 977; 50 C. J. 80, 85, 316; 21 R. C. L., Sections 200-2, page 1160.

"Each and every county commissioner * * * shall be required to give a good and sufficient bond * * * in the sum of two thousand dollars, conditioned for the faithful performance of the duties of his office." Sec. 2419 (1571), Comp. Gen. Laws, 1927.

Section 2405 (1560), Compiled General Laws, 1927, requires a bank depository receiving deposits for a county to give a surety bond "or make satisfactory deposit to the credit of the county, Federal, State, county or municipal bonds, in an amount to be determined by the board of county commissioners, and be approved both as to amount and as to validity by the Comptroller of the State, and conditioned that said bank insure the safekeeping, accounting for and paying over upon demand by proper authority all money that may come into its hands by virtue of its acting as said depository, and will in all respects duly and faithfully perform the duty imposed upon it."

Section 2406 (1561), Compiled General Laws, 1927, provides that all persons "having or receiving or collecting any money payable to the county funds, not otherwise provided for, shall pay the same to the bank or banks qualified to receive the same. Each bank receiving any money, as provided in this Chapter, shall make receipt for same * * * to the board from whom said money was received."

See also Sections 2410 (1565), et seq., 6079 (414), Compiled General Laws.

The declaration alleges and the demurrer thereto admits that the Peoples Bank of Okeechobee was designated as depository for $500,000.00 the proceeds of the sale of stated county bonds in connection with a stated agreement; that in pursuance of said arrangement said deposit was so made by

the county of Okeechobee with Peoples Bank of Okeechobee which redeposited with the Florida National Bank of Jacksonville; that the latter bank loaned the former bank "Government bonds or other securities" of the value of $300,000.00 or custodian's receipts representing such bonds said receipts being executed by the Jacksonville branch of Federal Reserve Bank of Atlanta, Georgia, for the express purpose of enabling the Peoples Bank to deposit said bonds with Okeechobee County to secure and indemnify the county for the deposit aforesaid; that under the terms of the agreement none of said bonds or receipts were to have been returned to the Florida National Bank until the deposit was reduced by withdrawals made by the county to $300,000.00, then $50,000.00 could be returned, and so on, keeping the deposits not more than $50,000 00 in excess of the securities. Then facts are alleged to show that W. W. Potter as county commissioner participated officially in taking steps which authorized withdrawals of securities in violation of the agreement, in consequence of which the county lost a large part of its deposit with the Peoples Bank, the bank having failed and no dividends having been received on such deposits, and the county commissioner has not made good the loss.

It seems clear from the allegations that W. W. Potter as county commissioner with other members of the board had control of the securities to protect the deposit of the county and that he actively participated in allowing the securities to be withdrawn in violation of the agreement which resulted in loss to the county. This was a violation of an official duty imposed upon the county commissioners by law for which he and his corporate surety are both liable, under the condition of the bond as prescribed by the statute and as stated in the body of the bond itself. The custody or

control of the securities given to protect the deposit of county funds, imposed upon each of the county commissioners an implied if not an express duty under the statute to protect the deposit of the county; and authorizing the withdrawal of the securities in violation of the agreement with the banks to the detriment of the county was not a faithful performance of the duties of his office; but a violation of a duty of his office, and a breach of the bond for which the surety is liable. See Royal Indemnity Co. v. Knott, State Treasurer, *et al.*, 101 Fla. 1495, 1502, 136 So. 474; Hollingsworth v. State, 73 Fla. 44, 75 So. 612; Catts v. Winburn, 81 Fla. 756, 88 So. 918.

No question is involved in this case as to the liability of county commissioners for failure to take securities for deposits of the kind here involved, since in this case the security was actually taken but released.

Reversed.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

### ON REHEARING.

PER CURIAM.—The judgment herein for the defendant is reversed on the authority of the foregoing case of Doyle E. Carlton as Governor v. Detroit Fidelity and Surety Company this day decided.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.