105 So.2d 26 (1958)
McCANN PLUMBING CO., a Florida corporation, Appellant,
v.
PLUMBING INDUSTRY PROGRAM, Inc., a non-profit Florida corporation, Appellee.
No. 57-464.
District Court of Appeal of Florida. Third District.
September 18, 1958.
Edward B. Quinan, Miami, for appellant.
Alpert & MacArthur, Miami, for appellee.
PEARSON, Judge.
Plumbing Industry Program, Inc., brought a bill for accounting against McCann Plumbing Co. A final decree was entered for the plaintiff determining the amount due and entering judgment for said amount. From this final decree the defendant appeals and assigns as error the following: (1) the order denying defendant's *27 motion to dismiss the complaint, (2) the interlocutory decree finding that the plaintiff was entitled to an accounting and (3) the final decree. The latter two assignments state only that the decrees referred to were "Contrary to the law and the evidence."
Before passing to a consideration of the points argued under the assignments enumerated, it should be pointed out that assignments of error specifying only that a certain decree is contrary to the law and the evidence fail to comply with the spirit of the appellate rules. See Florida Appellate Rule 3.5(c), 31 F.S.A., and Bybee v. Stearn, Fla. 1957, 95 So.2d 529.
In addition, the practice followed by the chancellor in this case of entering an interlocutory decree determining the right of the plaintiff to an accounting, prior to the actual accounting, is conducive to an economy of time and effort. For it may often avoid the taking of unnecessary testimony.
The record reveals that the plaintiff, a non-profit corporation, was incorporated in June of 1952, and has as its main purpose the advancement of the plumbing industry through education and institutional advertising, as well as by other means. On June 9, 1954, the defendant plumbing contractor entered into a contract with a plumbers local union. This contract included the following clause:
"The Local Union No. 519 understands that employers are carrying on a Program for the benefit and furtherance of the Plumbing Industry and that the purposes of said Program include better public relations, institutional advertising, plumbing education, stability of employer-employee relations and better sanitation through laws and through the education of the public, and that certain employers have consented to contribute to the Program and Local Union No. 519 requires that the employer contribute to the Program a minimum of 10¢ per hour for each of his employees who is working under the terms of this agreement and who is a member of Local Union No. 519, or under its jurisdiction and requires that in this Program, three of its members shall participate in an advisory capacity without vote.
* * * * * *
"The employer signing this agreement agrees to contribute to the Plumbing Industry Program, as set forth in Article 2, * * * on each and every weekly payroll date, 10¢ (0.10) per hour paid for each member, or employee under the jurisdiction, of Local Union No. 519 who is in his employ."
This contract was the third of three similar contracts signed by the defendant and the plumbers local union. The defendant made its payments to the Plumbing Industry Program from 1952 until the early part of 1955, when it ceased making payments under the contract. Thereafter defendant resumed payments for a short period and later denied liability under the contract.
The appellant urges first that the Plumbing Industry Program, Inc., was not such a third party beneficiary of appellant's contract with the plumbers local union as to be entitled to bring an action to enforce the provision of the contract above quoted. It is not questioned that a third party, for whose personal benefit a second party makes a promise to a first party, can enforce such a promise. The appellant relies rather upon the principle enunciated early in the law of Florida that the agreement to be enforced must show a clear intent and purpose on the part of the contracting parties that one of the parties should become the debtor of the third. See Wright v. Terry, 23 Fla. 160, 2 So. 6. A corollary of the principle stated is that a party, who benefits only indirectly from the provisions of a contract made by others for their own benefit and not for the benefit of said third party, cannot maintain an action upon the contract.
*28 We must assume that this point is raised under the first assignment of error; inasmuch as the contract was attached to the complaint and it is the provisions of the contract rather than the evidence which is argued therein. An examination of the contract reveals that it was primarily a labor-management contract and that the provision sought to be enforced by the plaintiff was a covenant for the express mutual benefit of both parties. It is apparent that both the employer and employee could benefit from a program which would advance their industry as a whole, but it is also apparent that both parties intend to foster, i.e., benefit the Plumbing Industry Program, Inc. The intention of the parties as drawn from the contract as expressed by the chancellor in the interlocutory decree was:
"2. Under the said agreement, the defendant obligated itself to pay to the plaintiff, Plumbing Industry Program, Inc., on each and every weekly payroll date, 10¢ per hour paid for each member or employee under the jurisdiction of the Local Union No. 519 in the employ of the defendant, and such obligation is valid and enforceable."
We are not convinced such finding was an error in view of the fact that the benefit to the plaintiff was not a mere incident to the contract, but an express obligation giving rise to a debt for the joint purpose of the contract. See American Surety Co. of New York v. Smith, 100 Fla. 1012, 130 So. 440, and cases cited therein.
The appellant in its remaining points has urged that the entire contract was void and therefore unenforceable as to the covenant under consideration. It is argued that the contract was (1) void as a restraint upon trade and (2) void as a closed shop agreement. There is no showing that the appellant ever renounced its contract with the plumbers local union. Indeed its refusal to perform was limited to the covenant to contribute to the program of the plaintiff non-profit corporation. These questions could not be resolved without extensive testimony as to the actual operation of the agreement. It is not enough for the defendant-appellant to simply raise the questions, inasmuch as the agreement is not shown to be void upon its face, and evidence as to its alleged illegal operation is not shown by any reference to the record to have been presented to the chancellor. Therefore, these questions cannot be initially determined here.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.