242 So.2d 179 (1970)
Abe MURAVCHICK and Pauline Muravchick, Appellants,
v.
UNITED BONDING INSURANCE COMPANY, an Indiana Corporation, Appellee.
No. 70-206.
District Court of Appeal of Florida, Third District.
December 22, 1970.
*180 Miller & Schwartz, Hollywood, for appellants.
Moore, Welbaum, Zook & Jones, Miami, for appellee.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
The appellants brought a cross-claim against co-defendant, United Bonding Insurance Company. The bonding company had entered into a contractor's payment bond for construction by a lessee upon appellants' property. Appellants' claim alleged that as a result of the failure of the bonding company to promptly pay the claims of certain lienors, the construction mortgage was foreclosed and appellants lost their equity in the property. The trial court dismissed the cross-claim and this appeal followed.
Appellants agree that they have no claim under the bond, but they urge that because they were obligees under the bond, the bonding company owed them a duty to act promptly and in good faith to pay lienors on the property. It is further alleged that the bonding company breached this duty to the damage of the appellants.
The only damage alleged because of the breach of the duty claimed is in paragraph six of the cross-claim which reads as follows:
* * * * * *
"(6) In reliance upon the above described Bonds being executed and delivered by the Cross-Defendant to the Cross-Claimants, Cross-Claimants joined in the execution of the temporary construction mortgage encumbering the Property, and, as a result of the breaches and defaults under the said Bonds by the Cross-Defendant, the said temporary construction mortgage was not satisfied at its maturity and the equity of the Cross-Claimants in the Property has been foreclosed."
We concur in the holding of the trial court that the cross-claim failed to state a cause of action. When a contract is designed solely for the benefit of the parties thereto, third persons cannot maintain an action thereon, even though such third persons might derive some incidental or consequential benefit from its enforcement. American Surety Co. of New York v. Smith, 100 Fla. 1012, 130 So. 440 (1930).
Affirmed.
BARKDULL, J., dissents.