266 So.2d 183 (1972)
Olga F. DONNELLY, Appellant,
v.
MARRIOTT CORPORATION, a Delaware Corporation, Appellee.
No. 72-266.
District Court of Appeal of Florida, Third District.
August 22, 1972.
Worley & Gautier, and Robert G. Worley, Miami, for appellant.
Frates, Floyd, Pearson & Stewart, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant, Olga F. Donnelly, seeks review of the trial court's order dismissing *184 with prejudice her second amended complaint which sought recovery of rent past due and owing under the terms of a covenant to pay rent contained in a written lease agreement.
The lawsuit involves two parcels of real property located at the corner of South Dixie Highway and Bird Avenue, in the City of Miami, Florida, which were improved by a restaurant facility and a car parking area. Lease agreements were entered into by plaintiff, landlord, and Bird Road Properties, Inc., a wholly owned subsidiary of Hot Shoppes, Inc., for a term of fifteen years. The lease agreements, dated April 8, 1960, contained the following provision:
"24. The TENANT shall not assign this lease or any portion of the term thereof, nor sublet the demised premises or any portion thereof, without the prior written consent of the LANDLORD, said consent not to be unreasonably withheld, PROVIDED, HOWEVER, that the TENANT shall have the right to assign its interest hereunder or to sublet said premises to Hot Shoppes, Inc., or to any subsidiary or affiliated company of Hot Shoppes, Inc., upon the condition that the TENANT hereunder shall remain liable for the full, faithful and complete performance of this lease."
On April 8, 1970, ten years after the execution of the lease, Marriott, formerly Hot Shoppes, Inc., sold the outstanding shares of Bird Road Properties, Inc. to Helen Spalter and this new owner tendered the required rental payments to plaintiff, which plaintiff refused.
Plaintiff's first amended complaint was filed against all the defendants including Marriott, Bird and Helen Spalter. It sought damages for rent due, and claimed that Bird was the alter ego of Marriott. At a subsequent hearing on defendants' motions to dismiss, plaintiff announced a dismissal as to all defendants except Marriott. Trial court then dismissed the first amended complaint with leave to amend as to Marriott and with prejudice to the other defendants.
Plaintiff then filed her second amended complaint in which she alleged that in truth and in fact, although the leases were signed by Bird Road Properties, Inc., the contractual obligations were created between plaintiff and defendant, Marriott Corporation, when the latter was known as Hot Shoppes, Inc. Further plaintiff averred that the name Bird Road Properties, Inc. was a pseudonym or alter ego of defendant, Marriott, and all dealings with respect to the leases were between plaintiff and the officers and representatives of defendant, Marriott Corporation. Plaintiff sought to pierce the corporate veil of Marriott in order to make it liable for the rental payments as the real party in interest. Subsequently, on Marriott's motion, the trial court entered an order of dismissal with prejudice for failure to state a cause of action and plaintiff brought this appeal.
The intention of the parties to a lease is to be obtained from the unambiguous terms thereof and not by what may have existed in the minds of the parties but not reflected in the written lease. Sisco v. Rotenberg, Fla. 1958, 104 So.2d 365. It follows that where the terms of a lease are certain and clear, it is improper for a trial court to construe the lease by resorting to parole and extrinsic evidence. Ridgefield Investors v. Mae Ellen, Inc., Fla. 1952, 57 So.2d 842; North Shore Realty Corp. v. Gallaher, Fla.App. 1959, 114 So.2d 634. The terms of the lease are conclusive. Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408 (1930); S.H. Kress and Co. v. Desser and Garfield, Inc., Fla.App. 1966, 193 So.2d 192.
The lease agreements executed and agreed to by plaintiff did not contain Hot Shoppes, Inc. now known as Marriott as a party thereto, nor was Hot Shoppes, Inc.-Marriott a guarantor of the lease. It is clear from the record on appeal that Bird Road Properties, Inc. was the party with whom plaintiff entered into the lease *185 agreements, and plaintiff cannot now seek to add to or modify the leases in order to include Marriott as a party. No cause of action being stated against Marriott, the trial court did not err in dismissing the second amended complaint.
No merit lies in plaintiff's argument that defendant could not incorporate Bird Road Properties, Inc. for the purpose of avoiding personal liability. To hold otherwise would completely destroy the corporate entity as a method of doing business, and it would ignore the historical justification for the corporate enterprise system. Advertects, Inc. v. Sawyer Industries, Fla. 1955, 84 So.2d 21; Ramey v. Koons (5th Cir.1956), 230 F.2d 802.
We have considered plaintiff's other points on appeal and find them to be without merit. Accordingly, the order herein appealed is affirmed.
Affirmed.