320 So.2d 404 (1975)
COMPUTER CENTER, INC., et al., Appellants,
v.
VEDAPCO, INC., a Florida Corporation, Appellee.
Valerie B. MILLS and H. Jefferson Mills, Her Husband, Appellants,
v.
VEDAPCO, INC., a Florida Corporation, Appellee.
Nos. 74-442, 74-443.
District Court of Appeal of Florida, Fourth District.
September 12, 1975.
Rehearing Denied November 7, 1975.
*405 Michael B. Davis of Walton Lantaff Schroeder Carson & Wahl, West Palm Beach, and Baugher & Mettler, Palm Beach, for appellants.
Sidney M. Dubbin, West Palm Beach, for appellee.
DOWNEY, Judge.
This is an appeal from final judgments rendered after jury verdicts in two cases consolidated for trial and which have been consolidated for appeal.
In case #74-442, appellee Vedapco, Inc., sued appellants Computer Center, Inc.; Jefferson Mills, Jr.; and Valerie B. Mills in two counts, (1) upon an open account and (2) upon an account stated. Appellant Computer Center, Inc., filed a counterclaim against appellee for replevin of certain personal property and damages.
In case # 74-443, appellee Vedapco, Inc., sued appellants Jefferson Mills, Jr., and Valerie B. Mills, for damages for the value of services rendered. Those appellants filed a counterclaim against appellee for damages for fraud and deceit.
At the close of appellee's case in chief on both complaints, all appellants moved for a directed verdict. The court denied the motion. Appellants then presented their case (a) in defense of appellee's claims, and (b) in support of their counterclaims. Appellants then renewed their "motion for a directed verdict as made at the conclusion of plaintiff's case" in both cases and "an affirmative motion for a directed verdict on the counterclaim regarding Computer Center... ." The court denied both of appellants' motions. *406 After appellee offered evidence in defense of the Mills counterclaim both sides rested without making any further motions. In case #74-442, the jury returned a verdict for appellee on its complaint against all of the appellants and for appellee against appellant Computer Center, Inc., on Computer Center's counterclaim. In case # 74-443, the jury returned a verdict for appellee and against appellants Mr. and Mrs. Mills on appellee's complaint and for appellee against those appellants on their counterclaim. After the jury returned the adverse verdicts, all appellants filed a motion for new trial upon the ground, inter alia, of the insufficiency of the evidence.
Appellants' primary contention here is that the trial court should have granted their various motions for directed verdicts.
However, appellee presents a threshold question, namely, that of appellants' right to have the denials of their motions for directed verdicts reviewed because of appellants' failure to renew those motions at the close of all of the evidence. Appellee contends that appellants' failure to renew those motions after appellee presented rebuttal evidence precludes appellants from questioning the denials of their motions for directed verdicts.
Appellee's argument might have been persuasive had appellants only made a motion for directed verdict at the close of the appellee's case in chief on both claims. However, appellants renewed their motion after they presented their case as to appellee's claims and as to their counterclaims. Since the evidence appellee offered thereafter on rebuttal concerned only the counterclaim of Computer Center, the renewed motion was sufficient to preserve the question for review. See United States v. 353 Cases, etc., 247 F.2d 473 (8th Cir.1957).
Turning now to appellants' points on appeal, we agree that the trial court erred in refusing to direct a verdict for Mr. and Mrs. Mills on the claims contained in the complaint in each of the cases.
In case # 74-442, appellee sought to charge Mr. and Mrs. Mills with liability on the ground that the corporation, Computer Center, Inc., was their alter ego and the corporate entity should therefore be disregarded. In support of that theory appellee contends the evidence shows that: (a) Mr. and Mrs. Mills were the sole stockholders of the corporation; (b) the assets of the corporation were sold two months after appellee filed suit; (c) the proceeds from the sale of said assets were used to pay creditors of the corporation, but appellee was paid nothing; (d) Mrs. Mills invested over three million dollars in the corporation but she did not receive a note therefor nor was any of the money repaid to her; (e) the corporation purchased a building for its operations, and Mr. and Mrs. Mills guaranteed payment therefor; (f) Mr. Mills withdrew some $65,000 from the corporation in 1968 and 1969.
Courts are reluctant to disregard the corporate entity unless it is necessary to prevent fraud, illegality, or injustice. However, the corporate veil will be pierced when it is shown that the corporation is a mere device or sham used to mislead creditors or for fraudulent purposes. Aztec Motel, Inc. v. State ex rel. Faircloth, Fla. 1971, 251 So.2d 849; Sirmons v. Arnold Lumber Company, Fla.App. 1964, 167 So.2d 588; House of Koscot Dev. Corp. v. American Line Cosmetics, Inc., 468 F.2d 64 (5th Cir.1972). Upon analyzing appellee's contentions, we note first that item (f) was not proven. Next, Mrs. Mills's contribution of over three million dollars to the corporation evidences no fraud nor could her failure to take back a note have misled creditors. The books of the corporation show the corporate indebtedness and further show that Mrs. Mills was not repaid any of said sum. Third, the fact that she and her husband personally guaranteed the indebtedness on a building purchased by the corporation is also no badge of fraud. Fourth, the evidence shows the proceeds of *407 the sale of corporate assets were used to pay creditors; there is no showing that Mr. and Mrs. Mills siphoned off any of the sale proceeds or that the sale was anything but a bona fide transaction. Last, the mere fact that Mr. and Mrs. Mills were the sole stockholders does not warrant piercing the corporate veil. Sirmons v. Arnold Lumber Company, supra.
Accordingly, it is our conclusion that the appellee failed to carry its burden of proof to warrant disregarding the corporate entity and fixing personal liability upon Mr. and Mrs. Mills. Thus, those appellants were entitled to a direct verdict at the close of appellee's case on the claim set forth in case # 74-442.
The complaint in case # 74-443 alleged that appellee had performed services for another corporation, Chicago Tabulating Service, in which Mr. and Mrs. Mills were the majority stockholders. The complaint sought to fix personal liability on them by alleging (1) that they had assumed and agreed to pay the corporation's debt, and (2) that when the Chicago Tabulating Service sold its assets, Mr. and Mrs. Mills entered into an indemnification agreement holding the purchaser (Metromedia) harmless as against Chicago Tabulating Service's creditors. Appellee claimed to be a third party beneficiary of that agreement.
The evidence in the record appellee relies on to show that Mr. and Mrs. Mills had personally assumed the corporate debt is the following testimony of appellee's president:
"Q. Mr. McIntosh, the best as I recall, the question that I posed to you had to do with reference to the personal liability of Mr. and Mrs. Mills for payment of the Vedapco contract. Now, what light can you shed on that, sir?
A. Well, only that both of them assured me that it would be paid.
Q. By them personally?
A. They assured me it would be paid. I dealt with Mr. Mills and Mrs. Mills on a personal basis regardless of the closed corporation aspect of both Vedapco and their corporations."
That evidence is hardly sufficient to make a prima facie case to prove a promise by Mr. and Mrs. Mills to pay what is acknowledged to have been the debt of the corporation.
With regard to the third party beneficiary theory, it is clear to us that the indemnity contract between the Millses and Metromedia, the purchaser of the Chicago Tabulating Service assets, was for the benefit of Metromedia only. There is nothing in the language of the contract to indicate any intention that it should benefit third parties such as appellee. Under these circumstances appellee cannot rely upon that contract to hold Mr. and Mrs. Mills personally liable for the corporation's debts. American Surety Co. of New York v. Smith, 100 Fla. 1012, 1016, 130 So. 440, 441 (1930); Muravchick v. United Bonding Insurance Company, Fla.App. 1970, 242 So.2d 179. Accordingly, it is our view that Mr. and Mrs. Mills were entitled to a directed verdict on appellee's complaint in case # 74-443.
We turn now to the two counterclaims. The jury resolved the counterclaim for fraud and deceit in case # 74-443 by finding for the appellee upon conflicting evidence. The entry of judgment for appellee on that counterclaim was therefore proper. However, the record is devoid of any evidence in opposition to the counterclaim of appellant Computer Center, Inc., in case # 74-442. Appellant's motion for a directed verdict on its counterclaim at the close of its case in chief was premature. Thus, the court properly denied that motion because appellee had not had an opportunity at that point to adduce *408 any proof as to the counterclaim. Since Computer Center, Inc., made no further motion for a directed verdict on its counterclaim, we believe the better procedure would be to review the sufficiency of the evidence as to that appellant's counterclaim via its motion for new trial. Having done so, we conclude appellant Computer Center, Inc., is entitled to a new trial on its counterclaim.
Accordingly, the judgments appealed from are reversed and remanded with directions to (a) vacate both judgments for appellee against appellants Jefferson Mills, Jr., and Valerie B. Mills, except the judgment for appellee on the counterclaim in case # 74-443, and enter judgments for appellants Jefferson Mills, Jr., and Valerie B. Mills in each case, and (b) grant appellant Computer Center, Inc., a new trial on its counterclaim in case # 74-442.
Appellants also assign the taxing of costs against them as error. In view of our conclusions on the main cases we reverse the order taxing costs and remand it for further consideration by the trial court.
Reversed and remanded with directions.
WALDEN, C.J., and JOHNSON, WM. CLAYTON, Associate Judge, concur.
DOWNEY, Judge.

ON PETITION FOR REHEARING
Appellee's petition for rehearing correctly points out that on page 406 of our opinion we incorrectly refer to the counterclaim of Computer Center when we intended to refer to the counterclaim of Mr. and Mrs. Mills. However, the point made remains valid, i.e., that the evidence offered by appellee on rebuttal concerned only the counterclaim of Mr. and Mrs. Mills, so that the motion for directed verdict renewed at the end of the defendant's case was sufficient.
We have considered all of appellee's other contentions and find them to be without merit. Accordingly, appellee's petition for rehearing is denied.
WALDEN, C.J., and JOHNSON, WM. CLAYTON, Associate Judge.