**In re SCHAEFFER UTILITY SERVICES, INC., Debtor.**

**Charles W. GRANT, Trustee, Plaintiff,**

**v.**

**Carson Lee SCHAEFFER, Defendant.**

**Bankruptcy No. 84–244–BK–J–GP.**
**Adv. No. 84–313.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 15, 1985.

Armistead W. Ellis, Jr., Daytona Beach, Fla., for plaintiff.

Jerry A. Funk, Jacksonville, Fla., for defendant.

Charles W. Grant, Jacksonville, Fla., trustee.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding was commenced by the trustee, Charles W. Grant, to pierce the corporate veil and hold Carson Lee Schaeffer personally liable for the debts of debtor, Schaeffer Utility Services, Inc.

Carson Schaeffer formed debtor corporation in 1975, and from incorporation to the present has been the president, director and sole shareholder. Through these positions, Mr. Schaeffer controlled the debtor's activities, business and financial transactions on a daily basis. In December, 1981, a judgment was rendered against the debtor. Business began to fail and by December, 1982, debtor had ceased conducting its normal business and had liquidated the majority of its assets. The only assets that remained were outstanding account receivables. Mr. Schaeffer continued to draw a salary during this time until the debtor voluntarily filed for relief under 11 U.S.C. Chapter 7 in April, 1984. Mr. Schaeffer's personal income tax returns reflected income from debtor corporation in the amount of $25,500.00 in 1982, $17,398.00 in 1983 and $2,307.00 in 1984. The debtor's corporate tax returns reflected payment of a larger salary to Mr. Schaeffer but the difference was carried as an account payable on the debtor's books.

Plaintiff asserts that payment of a salary to Mr. Schaeffer while the debtor was allegedly insolvent and in the process of liquidating its assets was an impermissible distribution under § 607.144, Florida Statutes (1975). Additionally, plaintiff asserts that these salary payments constitute a preference in accordance with Florida case law. *See Poe & Associates, Inc. v. Emberton*, 438 So.2d 1082 (Fla. 2d DCA 1983).

The Court finds that the plaintiff failed to establish by a preponderence of the evidence that a preference had occurred or that Mr. Schaeffer's actions were such that the Court is warranted in piercing the corporate veil.

Section 607.144(1)(c) holds an assenting director liable for the amount of assets distributed in a liquidation where the distribution occurs without the directors making adequate provision for "all known debts, obligations and liabilities of the corporation." Florida Statute, 1975, § 607.-144(1)(c). This section has been applied to the factual situations where the insolvent corporation transferred a substantial quantity of assets to an insider of the corporation in satisfaction of debts owing and thus preferred the insider to other unsecured creditors or transferred the assets to an insider for less than full consideration. *See Headley v. Pelham*, 366 So.2d 60 (Fla. 1st DCA 1978); *James Talcott, Inc., v. Crown Industries, Inc.*, 323 So.2d 311 (Fla. 2d DCA 1975). Plaintiff has failed to show that a preferential transfer occurred or that the debtor corporation did not receive full consideration in the form of services for the salary paid to Mr. Schaeffer while the debtor was in the process of liquidating.

In order to pierce the corporate veil, plaintiff needs to show that "the corporation is a mere device or sham used to mislead creditors or for fraudulent purposes." *Computer Center, Inc. v. Vedapco, Inc.*, 320 So.2d 404, 406 (Fla. 4th DCA 1975). It is a legitimate practice under Florida law to form a corporation in order to avoid personal liability. *See Donnelly v. Marriott Corporation*, 266 So.2d 183 (Fla.

3rd DCA 1972). Plaintiff has failed to prove that an injustice or fraud will occur unless the Court pierces the corporate veil and finds Mr. Schaeffer personally liable.

For the reasons set forth above, a final judgment in favor of the defendant will be separately entered.