480 So.2d 177 (1985)
CONTINENTAL CASUALTY COMPANY, Appellant/Cross-Appellee,
v.
Richard MARX, Appellee/Cross-Appellant.
Nos. 85-405, 85-824.
District Court of Appeal of Florida, Third District.
December 17, 1985.
*178 George, Hartz, Burt & Lundeen, Miami, for appellant/cross-appellee.
Ruden, Barnett, McClosky, Shuster & Russell and Woodrow "Mac" Melvin, Jr. and Cindy Niad-Hannah, Miami, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.

REVISED OPINION
SCHWARTZ, Chief Judge.
The appellee Marx was the retained attorney for Jay and Paul Dash who were sued in a federal stockholders' derivative action. After a non-jury trial, he recovered a $160,000 quantum meruit judgment for the reasonable value of those services against the appellant, Continental Casualty Company.[1] Continental insured the Dashes under a Directors and Officers (D & O) policy which covered, inter alia, their losses by way of "damages, judgments, settlements and costs, costs of investigation and defense of legal actions." [e.s.] The carrier appeals and we reverse because, simply stated, there is utterly no cognizable legal basis upon which Marx's recovery against Continental can be sustained.
1. Contrary to his primary argument, the appellee-attorney is not a third party beneficiary of the agreement in the policy issued by Continental to the Dashes to pay their legal expenses. It is far from being "manifest from the nature or terms" of the insurance contract, as is required to confer the status of a third party beneficiary upon him, that the formal parties intended to benefit the insureds' attorney as the "direct and primary object of the contract or amongst such objects." American Surety Co. v. Smith, 100 Fla. 1012, 1016, 130 So. 440, 441 (1930). To the contrary, it is perfectly apparent that Marx derived only the most attenuated "incidental or consequential benefit from [the] enforcement," id., of the policy and therefore may not maintain an action upon it. American Empire Insurance Co. v. Fidelity & Deposit Co., 408 F.2d 72 (5th Cir.1969), cert. denied, 396 U.S. 818, 90 S.Ct. 55, 24 L.Ed.2d 69 (1969) and cases cited; Canal Insurance Co. v. Hartford Insurance Co., 415 So.2d 1295 (Fla. 1st DCA 1982), pet. for review denied, 424 So.2d 761 (Fla. 1983); Southeastern Fidelity Insurance Co. v. Suwannee Lumber Manufacturing Co., 411 So.2d 950 (Fla. 1st DCA 1982); State ex rel. Westinghouse Electric Supply Co. v. Wesley Construction Co., 316 F. Supp. 490 (S.D.Fla. 1970), aff'd, 453 F.2d 1366 (5th Cir.1972); 20B J. Appleman, Insurance Law and Practice §§ 11771-11772, 11793 (1980); 18 G. Couch on Insurance 2d §§ 74:332-74:333 (rev. ed. 1983).[2] No court has ever held  indeed the proposition seems never before even to have been advanced  that the lawyer may himself sue upon an insurance policy or any other agreement which obliges one contracting *179 party to pay the other's legal fees.[3] We shall not be the first.[4]
2. There is similarly no merit to the desultorily advanced claim that Marx may recover under an "implied contract" for him to render services on behalf of Continental. Since Marx was hired by and represented only the Dashes and was indeed an antagonist of the carrier in his attempts to secure coverage and a settlement of the underlying case, it is clear that no such agreement existed.
For these reasons,[5] the judgment under review is reversed and the cause remanded with directions to enter judgment in Continental's favor.[6]
Reversed.
NOTES
[1] During the proceedings, Marx settled his claim for those services with his clients, the Dashes, for $2,500.
[2] Marx's virtually total reliance upon Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), Beta Eta House Corp. v. Gregory, 237 So.2d 163 (Fla. 1970), and their progeny is completely misplaced. Shingleton and Beta Eta held only that the damaged or injured plaintiff is a third party beneficiary of a liability policy which covers the asserted claim. The doctrine  which went further than the decisions in any other state and which has since been itself abrogated by statute, see § 627.7262, Fla. Stat. (1983) cannot be extended to the attorney hired by the insured just because the carrier may ultimately be responsible for his fees, any more than to the doctor who treats the claimant or the mechanic who repairs his car, about whom the same might be said.
[3] As shown by the fact that every single action to recover attorney's fees on such a basis has been so maintained, the sole right to do so lies with the insured or other contracting party who is entitled to recover under the agreement. See Trustees of Cameron-Brown v. Tavormina, 385 So.2d 728 (Fla. 3d DCA 1980), and cases cited. Such a claim is in turn limited by the rule that "[a] party contractually entitled to attorney's fees may recover the amount he must pay his lawyer, or a reasonable fee, whichever is lower." Id. at 731. Thus, the Dashes, who have the only extant claim for Marx's fees, may recover no more than the $2,500 they agreed to pay him.
[4] The general rule precluding a direct action by an attorney against one other than his client does not apply, for example, when the right to maintain such a claim is conferred by statute. See § 61.16 Fla. Stat. (1983). We caution also that, because one is not involved in this case, we do not consider the effect of an assignment of the contracting party-client's claim for fees to the attorney himself.
[5] We need not pass upon any of the numerous other possible bases for reversal, which include the very viable one that the rights of a third party under a policy may not extend further than those of the insured from whom he derives his claim against the carrier, see Fidelity & Casualty Co. v. Cope, 462 So.2d 459 (Fla. 1985), so that, since the Dashes could not recover more from Continental than the $2,500 they paid Marx, see supra notes 1 and 3, Marx would likewise be limited to that amount.
[6] Marx's cross-appeal, challenging the denial of pre-judgment interest, has been rendered moot.