FUSSELL, CARROLL W., Associate Judge.
This appeal is brought by one of two defendants below against whom a summary decree was entered in favor of the plaintiffs in an action for a declaratory decree. One of the assignments of error and grounds for appeal is the denial of appellant’s motion to dismiss. Since we agree that the lower court committed error in denying appellant’s motion to dismiss the complaint, it will not be necessary for us to consider the other matters presented by this appeal.
The complaint alleges that Highland Beach Realty Company, the appellant here and one of the defendants below, owned certain real estate which it desired to subdivide and which was located in the Town of Highland Beach, Florida, which town was the other defendant in the action for declaratory decree; that the Town of Highland Beach had an ordinance relating to approval of subdivision plans in the town and approving specifications governing plats, paving of streets, etc.; that the defendant, Highland Beach Realty Co., in order to comply with the requirements of said ordinance and to have said town approve its plat and to accept the dedication of areas thereon as public streets, roads and other rights-of-way, entered into an agreement for construction of streets, roads and other improvements thereon with the Town of Highland Beach, a copy of which agreement was attached to the complaint and made a part thereof; that a performance bond was required of said defendant by the Town of Highland Beach and a copy of such bond is attached to and made a part of the complaint; that the appellant deposited with said Town $12,000.00 in cash and under the terms of the agreement was to deposit another $5000.00, but never did do so; that the Town of Highland Beach approved the plat of the said tract of lands and said plat was also approved by the Board of County Commissioners of Palm Beach County, and was thereafter filed of record; that a copy of said plat was attached to and made a part of the complaint; that the defendant, Highland Beach Realty Co., a Florida corporation, has never completed the construction of the streets and improvements as set forth in the agreement for construction of streets, roads and other improvements made between it and the defendant, Town of Highland Beach; that the Town of Highland Beach has not constructed or caused to be constructed said roads and streets with the moneys deposited as it was authorized to do in said agreement. The complaint then alleges that thereafter a suit to foreclose was entered by a mortgage wherein the property was described by metes and bounds and not by the platted description; that final decree was entered against the defendant, Highland Beach Realty Co., the property was advertised and sold and deed was issued to an individual and a corporation as the purchasers by the metes and bounds description and not by the platted description. Such purchasers are not parties to this suit. The bill then alleges that the purchasers at the foreclosure sale later conveyed said property by the platted description; that certain platted lots in the subdivision were sold to three of the plaintiffs and their wives, who were grantees in such deeds from grantees of the purchasers at foreclosure sale, and that the suit was brought on behalf of such plaintiffs individually and collectively on their own behalves and as representative of a class, the class being the owners of the lots of Highland Beach Isles, which was the name of the *469 platted subdivision; the complaint then alleges that all of the plaintiffs bought said lots as platted lands, subject to the terms and conditions of the recorded plat. The bill then prays that the court decree that the defendant, Highland Beach Realty Co., is in default under its contract and bond with the Town and that it has no further title and interest in said deposit of $12,000.00; that said $12,000.00 be used by the Town for the construction of streets, roads and improvements, and that one of the plaintiffs as trustee be permitted by the court to place the additional $5000.00 performance bond with the Town and comply with the contract in the place and stead of the defendant, Highland Beach Realty Co., and that upon completion of the construction of said streets the $12,000.00 be paid to the said plaintiff, Charles W. Turner, and that he be released from his additional performance bond for $5000.00.
The pertinent part of the agreement between the defendant, Highland Beach Realty Co., and the defendant, Town of Highland Beach, insofar as this complaint is concerned, is as follows:
“WHEREAS, HIGHLAND BEACH REALTY CO., a Florida corporation, (hereinafter referred to as the “Owner”), concurrently with the delivery of this agreement has applied to the TOWN OF HIGHLAND BEACH, a municipal corporation existing under the laws of the State of Florida, (hereinafter referred to as the “TOWN”), for the approval by the Town Commission of the Town of a certain plat of a subdivision in the Town of Highland Beach, Palm Beach County, Florida, to be known as:
“HIGHLAND BEACH ISLES,
a copy of which plat and development plans are attached hereto and made a part hereof as ‘Exhibit A’ and ‘Exhibit B’, respectively, on which said exhibits are shown areas offered by the Owner to be dedicated to public use as streets, roads, alleys and other rights of way; and
“WHEREAS, it is necessary, in the interest of the public welfare, that the areas so offered to be dedicated be constructed and improved in accordance with the specifications hereinafter set forth; and
“WHEREAS, in compliance with the ‘Subdivision Requirements’ adopted by the Town Commission, the said Owner, in lieu of furnishing a good and sufficient bond, herewith deposits with the Town, the sum of twelve thousand dollars ($12,000.00), said money to be held as a guarantee for the completion of the installation of streets, roadways, drainage, water distribution system and other improvements; and
“WHEREAS, the Owner agrees that within thirty (30) days after the approval and recording of the said Plat of Highland Beach Isles the said Owner will deposit with the Town the further sum of five thousand dollars ($5,000.00), making a total of seventeen thousand dollars ($17,000.00) to be held as. a guarantee for the aforesaid improvements; and
“WHEREAS, the Owner agrees that the said sum of seventeen thousand dollars ($17,000.00) deposited by it with the Town shall be held by the Town as a guarantee until the streets and improvements aforesaid have been substantially completed and so certified by the Town Engineer;
“NOW, THEREFORE, to induce the Town Commission of Highland Beach to approve said plat and to accept the dedication of said areas as public streets, roads and other rights of way, the Owner does hereby unconditionally promise and agree to and with the Town as follows:
“1. Within twelve months from and after the date of the recording of said plat and the acceptance of said offer *470 to dedicate, the Owner will construct and pave as prescribed by current regulations of said Town, with proper grading and drainage prescribed by said regulations, the roads and streets shown on said plat and development plans of HIGHLAND BEACH ISLES, to-wit:
“All streets and roadways shown on said plat extending from State Road A1A westward toward the Intracoastal Waterway.”
The plat attached to the complaint shows an offer of dedication of said streets by Highland Beach Realty Co., but no dedication or consent thereto by the mortgagee.
Appellant contends that its motion to dismiss, this complaint should have been granted, first, because the plaintiffs are improper parties and have no right to bring the suit, and second, because the complaint fails to state a cause of action. The complaint alleges that the Town of Highland Beach approved the plat and it was placed on record, but there is no allegation in the complaint that the defendant, Town of Highland Beach, ever accepted the dedication offer of the defendant, Highland Beach Realty Co.
We call attention to the fact that the property was foreclosed on the metes and bounds description and not according to the plat, and there is no allegation that the mortgagee or any of the subsequent purchasers have ever made any offer of dedication. It is contended by appellees that the defendant, Town of Highland Beach, was not made a party to the mortgage foreclosure, but this was unnecessary since the Town is not shown to have had any interest in the property since it is not alleged that the Town, either at that time or at any time since then, has ever accepted the offer of dedication.
Since the mortgagee had not joined in or consented to the offer of dedication, and since the Town of Highland Beach had not accepted the dedication, when the foreclosure was completed and the property sold, the purchaser acquired title and ownership to the entire property, including all streets and without any restrictions on account of the plat whatsoever. Therefore, when this purchaser sold the property to the plaintiffs, or their grantors, according to the plat, the purchasers at the foreclosure sale remained the owners of such streets, since there is no allegation in the complaint that such purchasers have conveyed or dedicated the streets, after having thus acquired title to them. The sale at foreclosure decree was therefore a definite revocation of the offer of the defendant, Highland Beach Realty Co., to dedicate, since, after the sale, it had no interest in the property and no authority to dedicate said streets. The fee simple title to the property as a whole, including the streets, became fully and completely vested in the purchasers at the foreclosure sale, and any dedication thereafter must be by such purchasers, or their grantees, and it is not indicated by the complaint that such purchasers have ever conveyed their interest thus acquired in the streets.
The plaintiffs have no greater right to maintain this action for declaratory decree than would the purchasers at the foreclosure sale at the time of their purchase.. Clearly these two purchasers could not claim-i any interest in this money or agreement between the defendant realty company and' the defendant town, for the reason that they became the owners of the streets and, so far-as the allegations of the complaint are concerned, are still the owners and have never-conveyed the streets or offered to dedicate them to the city.
The court should not order the Town > of Highland Beach to open up and improve streets which are not owned by the town, either by grant or acceptance of dedication,, and where there is not even an offer of' dedication by the present owner.
The plaintiffs in this suit were not parties-to the agreement between the defendant, . Highland Beach Realty Co., and the defendant, Town of Highland Beach, and did not acquire any title or interest in the platted lots at any time when it was possible for- *471 said agreement to be carried out. Under the terms of the agreement itself it was specifically provided as follows:
“NOW, THEREFORE, to induce the Town Commission of Highland Beach to approve said plat and to accept the dedication of said areas as public streets, roads and other rights of way, the Owner does hereby unconditionally promise and agree to and with the Town as follows:
“1. Within twelve months from and after the date of the recording of said plat and the acceptance of said offer to dedicate, the Owner will construct and pave as prescribed by current regulations of said Town, with proper grading and drainage prescribed by said regulations, the roads and streets shown on said plat and development plans of HIGHLAND BEACH ISLES, to-wit:
“All streets and roadways shown on said plat extending from State Road A1A westward toward the Intracoastal Waterway.” (Emphasis supplied. )
and it is nowhere alleged in the complaint that the Town of Highland Beach has to this day accepted the dedication, and clearly the Town of Highland Beach cannot at this, or any subsequent time, accept the offer of dedication made by the defendant, Highland Beach Realty Co., as this defendant owns -no interest in the property which would entitle it to make the dedication, its entire interest in the property, streets and all having been divested by foreclosure sale.
The cases of Woodbury v. Tampa Water Works (1909), 57 Fla. 243, 49 So. 556, and American Surety Co. of New York v. Smith (1930), 100 Fla. 1012, 130 So. 440, cited by .appellees in their brief, have been read by this court, but do not contain either similar factual situations or principals of law involved therein which are similar or analogous to the instant case.
In the case of Woodbury v. Tampa Water Works, supra, a contract was entered into between the water works company and the city for the water works company to furnish water for the city and its inhabitants. The plaintiff in this case sued the water works company for failure to furnish water to put out a fire. The water works company was in existence and was actually engaged in furnishing water under its agreement with the city at the time the inhabitant suffered this loss.
In the case of American Surety Co. of New York v. Smith, supra, a construction indemnity bond was given by the contractor, as principal, and American Surety Co. as surety, to the owner and contained the provision that the contractor would,make payment to all persons supplying materials in the prosecution of the work. The plaintiff was an unpaid materialman who brought suit against the Surety Co. At the time the material was furnished, however, the owner still owned the land and the contractor was actually on the job; thus, these are entirely different situations and not applicable to the facts in the instant case, where, at the time the plaintiffs acquired their title and at the time they brought their suit, the owner no longer owned the property or had any right to make any improvements on the streets, and the other party to the agreement, the city, had never accepted the dedication and could not now accept a dedication from the Highland Beach Realty Co., as it was no longer the owner, so that it was impossible for the contract to be performed in accordance with its terms and provisions.
It, therefore, appears that the lower court was in error in denying appellant’s motion to dismiss and said cause is reversed with directions that the summary decree entered in favor of the plaintiffs be vacated and set aside, and that the motion of the defendant, Highland Beach Realty Company, to dismiss the complaint be granted.
Reversed.
SHANNON, C. J., and ALLEN, J., concur.