PEARSON, TILLMAN, Chief Judge.
The City of Coral Gables brought a suit to quiet title in itself to a strip of property in the City. The strip appears as a canal on the plat, under which the abutting lots were *751 sold. The canal was never dug. The circuit court quieted title in the defendants-counterclaimants who were the owners of the abutting lots. The holding of the court was that each of the defendants-countcr-claimants, who were at the time of the summary final decree fee simple title holders to the platted lots adjacent to the undug canal, were the fee simple owners of the canal right of way to the centerline of the canal.
The Travis Company, appellant here, was a defendant below and claimed title to the entire canal right of way. The City of Coral Gables has not appealed, and the ap-pellees here are the individual lot owners mentioned. It is admitted that all of the facts were before the court with no question being raised as to the propriety of a summary decree. The appellant maintains that it owns the entire tract in question, and thus the decree is erroneous as a matter of law.
The lands were first platted by a previous owner who then mortgaged the tract, describing it by the recorded plat. No canal is shown on this first plat. Subsequently, the tract was replatted by a subdivider who did not hold title, but only had an option to buy. The second plat showed the canal. The option was never exercised, and the mortgage was foreclosed. A master’s deed was executed conveying the property foreclosed to the liquidator of the mortgagee. The liquidator then sold some of the lots to individuals, describing the lots by the second plat which showed the canal right of way. The Travis Company purchased all properties received by virtue of the special master’s deed in the foreclosure, excepting those lots previously conveyed. Thereafter, The Travis Company sold additional lots describing these lots by the second plat which showed the undug canal. It does not appear that at any time there was an effective dedication to the public of the canal shown on the second plat.
The Travis Company maintains that inasmuch as the undug canal was never dedicated, the title to this property passed to it from the liquidator; and since title has never been conveyed away, it is therefore still the owner of the canal right of way.
 The chancellor held that the purchaser at the master’s sale conveyed to subsequent abutting purchasers the fee simple title up to the center of the undttg but platted canal. Similarly, the chancellor held that the deeds from The Travis Company conveyed to its purchasers title to the center of the canal right of way. This holding is in accord with the rule that a conveyance of a parcel of land according to a plat, which parcel is bound by a street, private road or other private way, carries with it title to the center of such street, road or way, unless the deed evidences a contrary intention. Smith v. Horn, 70 Fla. 484, 70 So. 435; Servando Building Co. v. Zimmerman, Fla.1956, 91 So.2d 289. See Florida State Turnpike Authority v. Anhoco Corp., Fla.App.1958, 107 So.2d 51, 54.
The appellant relies heavily on the case of Highland Beach Realty Co. v. Turner, Fla.App.1962, 139 So.2d 467. In that case the owners of lots in a subdivision sought a decree declaring that a former owner of the subdivision was in default under a contract with the municipality for the construction of certain streets in the subdivision. The court held that upon foreclosure of an underlying mortgage, the fee simple title to the entire parcel vested in the purchaser at the foreclosure sale, thereby revoking a previous offer to dedicate the streets. The court further pointed out that the plaintiffs were not parties to the agreement with the municipality and did not acquire title to platted lots until after the agreement with the municipality had by its terms expired. We do not consider this holding contrary to the general rule we have cited. If, however, there should be found in the opinion statements of law which appear to be in conflict with the rule we have cited, then we must adhere to the rule which we believe correctly states the law.
Although not argued by the parties to this appeal, we think it should be stated that we *752 find no reason to hold that a right of way for a canal should be treated differently from a right of way for a street. We have not had cited to us, nor have we found, a case decided under this principle which involved a canal right of way. Nevertheless, we feel the law cited must apply in that the reasoning by analogy is so strong.
Affirmed.